## TODD *v.* ROMEU.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR PORTO RICO.

No. 408.   Submitted January 10, 1910.—Decided April 4, 1910.

In Porto Rico a cautionary notice must be filed in accordance with the local law in order to render an innocent third party liable to dismembership of ownership by reason of purchase during pendency of a suit to set aside a simulated sale. *Romeu* v. *Todd*, 206 U. S. 358.

The right to file a cautionary notice in Porto Rico under the existing mortgage law is not absolute in all cases; in certain classes of cases

the right but depends on an express permissive order of the court, and one having knowledge of a suit to dismember title of his grantor in which such order is not a matter of right and no such order is applied for or granted is not bound because he had general knowledge of the pendency of the suit.

*Quære,* whether one buying property in Porto Rico with actual knowledge of pendency of a suit to dismember title for fraud in which the law gives an absolute right to a cautionary notice without the prerequisite of judicial permission would be liable for the ultimate result of the suit even if no cautionary notice were registered.

THE facts are stated in the opinion.

*Mr. N. B. K. Pettingill* for appellant:

There is but one question before the court on this appeal, and that is: What is the law of Porto Rico as to the effect of bringing home to an intending purchaser of real estate knowledge or notice of a defect in the title to, or of a lien upon, such real estate in favor of some person other than the vendor, where such knowledge or notice is not required from the registry of property, such defect or lien not being recorded? Or, to state it in another way: Is an intending purchaser of real estate in Porto Rico permitted by the law to ignore knowledge actually possessed or acquired by him, otherwise than from the registry, before completing his purchase, that the title to, or lien upon, such property in fact exists in favor of a person other than the proposed vendor?

The articles of mortgage (or recording) law, which are material to this inquiry, and which may be referred to in some of the cases hereinafter cited, are as translated in the War Department edition of 1899: Arts. 2, 23, 25, 27, 33–36, 42, 69, 99; and see *Valdes* v. *Valle,* 1 Dec. de P. R.; and see also §§ 612–615, 1258–1265 of the Civil Code of 1902 having more or less correlation with the articles of the mortgage law, especially § 34. with which the present controversy, however, has directly to do especially with reference to the phrase "third persons" as used therein. See 58 Juris. Civil de España, 460; vol. 102, p. 390.

From all these cases we submit it conclusively appears that the answer to the questions propounded at the opening of this discussion must be in the negative, and that any proper and sufficient proof of notice, which would be sufficient to destroy the good faith of an intending purchaser and make it equitable that he be charged with the claim or lien of a person other than his vendor, will under the Spanish law, and the mortgage law, result in his being so charged.

We leave those cases and the conclusion to be drawn from them to the consideration of the court without further discussion.

It may also be shown, although not material, we believe, in this case that in the jurisdictions of those States of the Union which have derived their systems of jurisprudence from the Civil Law, the same rule prevails, as to which, see the following cases: *Sampson* v. *Ohleyer*, 22 California, 200, 211; *Sharp* v. *Lumley*, 34 California, 611, 615; *Wise* v. *Griffith*, 78 California, 152; *Christie* v. *Sherwood*, 113 California, 530; *Hibernia Soc.* v. *Lewis*, 117 California, 577; *Splane* v. *Mitcheltree*, 2 La. Ann. 265; *Bach* v. *Abbott*, 6 La. Ann. 809; *Swan* v. *Moore*, 14 La. Ann. 833; *Brian* v. *Bonvillain*, 52 La. Ann. 1794, 1806.

In Louisiana the rule seems to be different as to the effect of notice of unrecorded mortgages, or of those not reinscribed as required by law; but that is clearly the result of an unusual statutory provision, and does not affect the application of the ordinary rule otherwise. *Ridings* v. *Johnson*, 128 U. S. 212; *Lacassagne* v. *Chapius*, 144 U. S. 119.

There was no appearance or brief filed for appellee.

MR. JUSTICE WHITE delivered the opinion of the court.

Todd, a judgment creditor of Pedro and Juan Agostini, sued Anna Merle to subject property registered in her name to the payment of the judgment, on the ground that she was a mere interposed person, resulting from simulated conveyances to

her made by the Agostinis. To enforce a decree in his favor Todd advertised the property for sale. Romeu, alleging himself to be an innocent third person, who had bought the property pending the suit, filed a bill to enjoin. A demurrer on behalf of Todd having been sustained, and a final decree entered against Romeu, he brought the cause to this court. The judgment was reversed and the case remanded. *Romeu* v. *Todd*, 206 U. S. 358.

In virtue of leave given him by the court below, Todd answered, and alleged that Romeu was not an innocent third person, because he had bought with notice of the pendency of the suit. A demurrer on the ground that this answer stated no defense was sustained, and a final decree was rendered enjoining Todd from proceeding against the property. This appeal is prosecuted by Todd, and the question for decision is thus stated in the brief filed on his behalf: "What is the law of Porto Rico as to the effect of bringing home to an intending purchaser of real estate knowledge or notice of a defect in the title to, or of a lien upon, such real estate in favor of some person other than the vendor, where such knowledge or notice is not required (acquired?) from the Registry of property, such defect or lien not being recorded?" Under the assumption that the pending suit, by operation of law, dismembered the ownership of Merle in the property to which the suit related, pending the same, or operated, from the fact of its pendency, to create a lien upon the property, decisions of the Supreme Courts, both of Porto Rico and of Spain, are referred to as establishing that one who acquires a right in or to property with knowledge of a defective title or of an existing lien is not a third party, and therefore is not entitled to rights which depend for their existence upon that relation. Conceding, for the sake of the argument, that the decisions relied on announce the principle which is attributed to them, we think they are here inapposite. We say this because their applicability depends upon the erroneous assumption upon which the entire argument necessarily proceeds, that is to say, upon the theory

that by operation of law the effect of the pending suit against
Merle was either to create a defect in the title of the property
standing in her name, or to engender a lien on the same.

When the case was previously here we held: (a) That, differ-
ing from the ancient Spanish law, the modern Spanish law did
not deprive an owner of property of the right, because a suit
was brought against him concerning the same, to dispose of the
property *pendente lite*. Pp. 363, 364. But while this was the
case, the modern law, in order to prevent this right from de-
priving suitors of the ultimate benefit to result from the suc-
cessful prosecution of suits, and to protect the public, provided
for a system of cautionary notices, by means of which suitors
in the cases provided for could put upon the public record a
notice concerning the pendency of their suits, thus protecting
those who dealt with property upon the faith of the recorded
title, leaving the owner the power to dispose of his property
pending a suit, and at the same time saving to those who sued
the enjoyment of their ultimate rights if they recorded a
cautionary notice. (b) As these requirements of the local law
were incompatible and in conflict with the doctrine of *lis
pendens* prevailing in the courts of the United States, it was
held that that doctrine did not obtain in Porto Rico, because
the legislation of Congress concerning that island contemplated
the fostering and not the overthrow of the local laws, especially
those governing the title to real estate. P. 364. (c) Apply-
ing these rulings, it was decided that as Todd had not availed
of the privilege of the local law by applying for and record-
ing a cautionary notice, the court below had erroneously de-
cided that the property in the hands of Romeu, an innocent
third person, who had bought from Merle on the faith of the
record title, was liable to Todd as the result of the decree ul-
timately rendered in his favor.

It thus becomes apparent that the assumption as to dis-
memberment of ownership and consequent defective title, or
a lien on the property arising solely by the pendency of the
Todd suit upon which the case before us primarily depends, is

without foundation, and was expressly decided to be so by our previous ruling. The case then, if it has any foundation at all, can only rest upon the hypothesis that, as by the pendency of the suit, the law gave the right to obtain a cautionary notice and put the same upon the public records, so that if the suit ultimated in favor of the complainant the person buying the property or dealing concerning the same pending the suit would do so subject to rights finally established in favor of the complainant, therefore the knowledge of the suit and of the rights arising from it as a result of the privilege of registering a cautionary notice deprived the person having such knowledge of the attitude of an innocent third party, and subjected the property in his hands to a responsibility for the result of the suit to the extent which would have been the case had the notice been recorded. But this also depends upon an erroneous assumption as to the operation and effect of the local law as to cautionary notice. In that law, as expressly held in the previous opinion, the provision as to cautionary notices which was applicable to the suit of *Todd* v. *Merle* was embraced in the mortgage law, and was as follows (article 42, p. 365): "Cautionary notices of their respective interests in the corresponding public registries may be demanded by: 1. The person who enters suit for the ownership of the real property, or for the creation, declaration, modification, or extinction of any property right." This provision is followed by nine other paragraphs, specifying particular cases in which a cautionary notice is authorized, none, however, of these paragraphs having any relation to the case in hand. But the right to have a cautionary notice and to record it in order to cause the pendency of the suit to be operative against property involved in the suit, against persons buying, pending the suit, on the faith of the registered title was not an absolute one arising in and by the effect of the pendency of the suit, but was contingent; that is to say, could only arise as the result of an application made to the court to grant the cautionary notice and by a judgment of the court awarding the same. This

clearly follows from a subsequent provision of the mortgage law, saying (art. 43):

"In the case of No. 1 of the preceding article no cautionary notice may be made unless it is so ordered by a judicial decree issued at the instance of a person having a right thereto and by virtue of a document sufficient in the opinion of the judge."

In other words, the right in the case specified to the cautionary notice was not absolute, but relative. That is to say, the law, considering the right of an owner to dispose of his property and the injustice which would arise from limiting such right in every case merely because a suit was brought against him concerning the property, gives the right to the cautionary notice in such case, not merely because of the commencement of the suit, but makes it should depend upon an express order of the court granting the cautionary notice. As, therefore, the right to a cautionary notice did not arise in and by virtue of the pendency of the suit and could only have come from a judicial decree which was never applied for and never rendered, it must follow that the assumption that there was an existing dismemberment of ownership or lien arising from the conception that there was the absolute right to the cautionary notice has no foundation upon which to rest. It results that the contention reduces itself to this, that Romeu, the purchaser, who bought the property on the faith of the recorded title and in the absence of a cautionary notice, was bound because he had knowledge of the suit, although by operation of law the suit had no effect whatever upon the right of the owner to dispose of the property during its pendency, since the steps which the law provided as necessary to limit the right of the owner had not been taken. Thus to bring the proposition relied upon to establish that error was committed by the court below to its ultimate conclusion is to demonstrate its want of merit.

Of course, our ruling is confined to the case before us, and we do not, therefore, intimate an opinion as to whether the

doctrine that notice is equivalent to registry is or not compatible with the public policy manifested by the requirements of the mortgage law prevailing in Porto Rico. And upon the hypothesis that the doctrine that notice is equivalent to registry is not incompatible with the requirements of the mortgage law, we must not be understood as deciding that one who bought where no cautionary notice had been registered, but with knowledge of a pending suit from which, owing to its character, the law gave an absolute right, without the prerequisite of judicial action to the cautionary notice, would not be liable to the extent of the property acquired *pendente lite* for the ultimate results of the suit. See, among others, paragraph 2 of article 42 of the mortgage law in connection with the second paragraph of article 43 of the same law.

*Affirmed.*