# RUPERTO FUENTES ET AL.

*v.*

# JOAQUIN SANTOS MALDONADO ET AL.

San Juan, Law, No. 894.

ON A PETITION OF INTERVENTION BY THE CLAIMANT OF REAL PROPERTY.

Fraud—No Presumption.

1. Under the civil law as at common law fraud is not presumed, and, if an issue, must be proven.

Registration—Notice.

2. If an attachment is registered it is notice to third parties, but if in point of fact it has been released, such registration is not notice of anything further in the case.

Fraud—Evidence.

3. If the evidence is not persuasive, fraud cannot be assumed.

Registration—Knowledge.

4. If an encumbrance is not registered, the fact that a third party knows of it is immaterial. He is bound only by the state of the record itself.

Registration—Fraud.

5. If a third party buys property under such circumstances as amount to fraud, he is not protected by the registration statutes and equity will afford an appropriate remedy.

Opinion filed November 18, 1914.

*Mr. E. B. Wilcox* for plaintiffs.

*Mr. E. H. F. Dottin* for petitioner.

HAMILTON, Judge, delivered the following opinion:

In a suit in this court between these parties or their privies a judgment in ejectment for a certain 30 acres was recovered and the plaintiffs were put in possession. There was also a judgment for mesne profits, and an attachment issued to collect this from the undivided interest of the vendors of the present petitioner in a 40-acre tract. The attachment was duly annotated in the registry of real property. This judgment was later set aside by the court, and consequently the attachment fell with it; there is, however, no evidence that the annotation was canceled or changed in any way. The undivided interest of the vendors of the present petitioner in the 40-acre tract was by subsequent proceedings converted into the ownership of 10 acres thereof, the tract now in dispute. There was then a proceeding for mesne profits and costs, and attachment was levied upon these 10 acres on or about June 22, 1914. Before the sale thereunder the petitioner filed the present petition, setting up that he had bought the 10-acre tract of the defendants on June 2d and had duly registered his deed.

The plaintiffs in the main suit, defendants in the intervening petition, in their answer, allege knowledge on the part of the petitioner and also actual fraud.

1. Fraud is never presumed. Civil Code, § 437. And it therefore rests upon the parties alleging it, in this case the original plaintiffs, to prove facts which constitute fraud. They have shown satisfactorily to the court that the petitioner, before buying the property, was a creditor of the original defendants and himself sought to buy it from the attorney of the original plaintiffs; that he was anxious to save as much of their property

Fuentes v. Maldonado.

as possible for those defendants; and that his purchase for $450 was made by crediting an old debt of $325 and by delivery of a check for $125 about two weeks after the actual sale. These facts the original plaintiffs, defendants to the present petition, allege are not only suspicious, but constitute actual fraud.

2. It has been decided by this court that an attachment to secure a debt is not a real claim, that is, does not constitute a lien upon the property. The facts at bar therefore do not present the case of a prior lien upon property bought by the petitioner. The only attachment shown by the evidence to precede the purchase by the petitioner is that upon the undivided interest in 40 acres. This was, no doubt, notice to the petitioner and everyone concerned of something. It put them on their guard and made it necessary for them to investigate in order to be protected by the mortgage law. But if they investigated they would have found that the attachment had been set aside; so that it is difficult to see what merit there is in this contention. It is insisted on the argument that this put the parties upon notice of everything that might happen afterwards. This result does not necessarily follow, and, if it did, the only result which actually followed was that there was a suit *in personam* for mesne profits. This would not in itself fix any lien upon the property or prevent its disposition according to law.

3. The facts do not seem to show any fraud or concealment connected with the sale to petitioner, nor do they clearly show that the price of $450 for the 10-acre tract was inadequate. It may have been or it may not have been inadequate, but at all events the evidence is not persuasive. As the case stands at present there is not enough shown to induce the conviction of fraud.

VII. Porto Rico—21.

4. There is, however, a further question. The general object of what is called the mortgage law and of the provisions as to registration is to protect third parties; that is to say, one may buy a property relying upon the facts shown by the registry. Sociedad Española de Auxilio Mutuo y Beneficenia v. Rossy, 17 P. R. R. 77. It is alleged in this case that there is an exception to the rule where the third party actually knows of an outstanding claim which is not upon the record. If true, this would practically render nugatory the provisions of the mortgage law, because it would open the door for inquiry in any case as to whether the third party had or had not actual notice of something which was not upon the record. No citation is furnished to this effect, and it would seem that there is no such exception to the law. A third party is protected by the record without regard to what may be the facts outside the record. This is a general principle. As long as a man acts within his legal rights, it is not material what his knowledge or what his intentions may be. Todd v. Romeu, 217 U. S. 150, 54 L. ed. 705, 30 Sup. Ct. Rep. 474.

5. This rule does not go so far as to permit fraud as that term is known in equity, that is to say, fraud which injures the rights of someone else. If, for instance, a man relying upon the record buys a piece of property for an inadequate consideration, knowing the rights of others, whether reduced to judgment or not, there are cases in which equity will interfere. It is to be observed, however, that the case at bar is not a case in equity,— it is a petition filed in a law case, and, for reasons above given, it is a proper petition. One of the new equity rules provides that where a case is filed in equity which should be at law it will be transferred to the law docket and proceeded with. This

Fuentes v. Maldonado.

rule has no application in the case at bar. There is no reason for sending the petitioner to the other side of the court, because his case is properly on the side of the court where it is filed. If the purchase has been for an inadequate consideration with the intent to hinder, defraud, or delay the plaintiffs in the main suit, defendants to the petition, it might be that these plaintiffs would have a remedy on the equity side. They cannot nullify a regular public instrument by mere denials in a collateral lawsuit. The answer, however, does not ask any such transfer, and the court must decide the case as it finds it.

The petition, therefore, will be granted, unless the original plaintiffs within ten days file a bill in equity or other proper proceeding showing adequate grounds to set aside the deeds in question.

It is so ordered.