HARRY P. LEAKE and N. B. K. Pettingill, Complainants,

*v.*

OLIVIERI ET AL., Dfts.

---

Ponce, Equity, No. 260.

ON MOTION FOR RECONSIDERATION.

**Equity—Final Decree.**

    1. The general principle affecting the finality of a decree is that a decree which settles equities is final although ministerial or administrative action may be necessary to settle details of the litigation.

**Equity—Parties—Estoppel.**

    2. Where it does not appear from the record and evidence submitted at the hearing, that parties were improperly named and the question was not raised in time, the parties are estopped from setting up such supposed error after a considerable lapse of time.

**Reconsideration—Term of Court—Bill of Review.**

    3. The court is without power to reconsider a decree rendered at a previous term, and although it will in a proper case consider a motion for reconsideration as a bill of review, it will not do so unless the motion properly requests it.

Leake v. Olivieri.

Equity—Separate Findings of Fact.

4. Separate findings of fact will be made by the court in a decree in equity, in order to assist in an appeal whenever requested to do so, or it appears necessary, but this must be done in time.

Objections—Waiver—Master's Report.

5. Where objection is made that the court committed error in its decree, the alleged error will not be reconsidered when the original bill was not attached in time nor were exceptions taken to the master's report, as the defect will be considered as having been waived.

Proceedings in Courts of Equity—Additional Lien—Tender.

6. Where the local law fixes a right to land, the proceedings in a court of equity cannot add to this law by providing an additional method of creating a lien, and a tender is not such a legal right, as it is something coming within the rules of procedure rather than to rights to land.

Champerty—Laches.

7. Where it is alleged that a former proceeding was champertous, the alleged defect will not be considered when raised for the first time after final decree nor at any time when raised by a defendant who was not a party to the contract.

Statute of Limitations—Appeals.

8. Where the time in which an appeal might be taken was shortened by subsequent legislation, a reasonable time in which to appeal will be allowed.

Estoppel.

9. Where the complainant paid, and the defendant voluntarily accepted, the amount found due him by the master, he is bound by his act.

Opinion filed May 29, 1915.

————

*Mr. Francis E. Neagle* for motion.

*Mr. Paul Charlton* in opposition.

Leake v. Olivieri.

HAMILTON, Judge, delivered the following opinion:

The present proceeding is a motion for reconsideration of legal conclusions in an opinion and for reversal of decrees entered March 21, 1914, and March 1, 1915, and sets up some twenty-four grounds. It is unnecessary to take up all of these in detail, and, so far as they are deemed important, they will be grouped and discussed.

This is probably the oldest case upon the docket of this court, and the facts have been found and stated by the court a number of times. It would seem unnecessary for the purposes of this motion to do so again. It should be noted, however, that this case, No. 260, equity, was begun by a bill in equity filed July, 1910. It may grow out of a previous suit, No. 196, Olivieri v. Olivieri, where a bill was filed June 5, 1905, but it is a different suit, having different parties and a different object.

1. It is urged that the decree of this court of March 21, 1914, was not final. If it was final, no motion or application made a year afterwards could be entertained. The general principle affecting the finality of a decree is that a decree is final which settles equities, although ministerial or administrative action may be necessary to settle details of the litigation. Lodge v. Twell, 135 U. S. 232, 34 L. ed. 153, 10 Sup. Ct. Rep. 745. It is urged in the case at bar that the decree of March 21, 1914, was not final in that it directed an accounting. California Nat. Bank v. Stateler, 171 U. S. 447, 43 L. ed. 233, 19 Sup. Ct. Rep. 6; McGourkey v. Toledo & O. C. R. Co. 146 U. S. 536, 36 L. ed. 1079, 13 Sup. Ct. Rep. 170; Latta v. Kilbourn, 150 U. S. 524, 37 L. ed. 1169, 14 Sup. Ct. Rep. 201. The decree in question was on its face called a final decree, and, as will be

Leake v. Olivieri.

seen, was so treated by the parties. The decree decided the right to the property in contest, and would seem to come under the principle of Keystone Manganese & Iron Co. v. Martin, 132 U. S. 91, 96, 33 L. ed. 275, 277, 10 Sup. Ct. Rep. 32; and Forgay v. Conrad, 6 How. 201, 12 L. ed. 404 (Taney). It does not appear that the accounting provided for was of such a judicial nature as to make the decree directing it interlocutory. The decree found all the equities, and the reference was merely for applying these equities.

2. It is claimed that the parties are improperly named in the decree. This, however, did not appear to be so by the record and evidence submitted to the court at the time. The court is unwilling to go outside the present record to find any error of this kind. It would seem that complainant Pettingill has been recognized as surviving partner and the defendant Jones as a cotenant. Not only would this appear to be true from the record, but it was the theory upon which the case was argued and submitted by the parties themselves. If there was any error it was back of this decree. If it exists, it was on the part of other counsel and other judges. The action of the parties has estopped them from now setting up any such supposed error.

3. If the decree of March, 1914, be final, as appears to the court, the errors set out in the application for reconsideration are not now material. It is too late to discuss them, because the court would be without power to reconsider a decree rendered at the previous term. But on argument it is asked that the court will treat this motion for reconsideration as a bill of review. Such cases are known. Farmers' & M. Bank v. Arizona Mut. Sav. & L. Asso. 135 C. C. A. 577, 220 Fed. 1. Where necessary to secure the ends of justice the court will so act.

This, however, is not sought by the "motion for reconsideration" filed in this case April 5, 1915, and there seems to be no reason for going beyond the pleadings set up by the movent. The motion is not in any sense a bill of review, but more in the nature of a bill of exceptions, covering other matters than the decree of March 21, 1914.

4. Even if the motion could be treated as a bill of review, its leading allegations relate to matters which were without error and which can now be considered. A number of them set up alleged errors of proceedings which at most amount only to irregularities, which have been cured by subsequent proceedings. Thus, an alleged error is that the court did not make a separate finding of facts. Such finding is proper in a decree in equity in order to assist in an appeal, and will be made at any time that it is asked, or appears necessary. In the case at bar the defendant promptly accepted the finding against him, and there was no reason for anyone to suppose that an appeal was contemplated. If not filing the finding of fact was an irregularity, there was ample time to correct it by proper application, and none was made.

5. It is further urged that the law does not permit the redemption of a fractional interest from a mortgage, and it is argued that the mortgagee is entitled to have the whole of his mortgage redeemed, or none at all. 27 Cyc. 1803; Mortgage Law, P. R., art. 125. The time for urging this objection was when the bill or application was made for such a redemption of the fractional interest. If it was a defect at all, it was in the original bill, which was not attacked in this respect, or in the master's report, which was not excepted to. It is too late to

make a legal objection of this nature after all the proceedings are finished.

6. It is set up, also, that the tender of complainant in the amended bill was not valid, because the Civil Code of Porto Rico, § 1144, provides another form and another procedure. Reference is made to Todd v. Romeu, 217 U. S. 150, 54 L. ed. 705, 30 Sup. Ct. Rep. 474. This, however, does not seem to apply. The Romeu Case decides that where the local law fixes a right to land, as where it defines the method of creating charges upon real estate, the proceedings in a court of equity cannot add to this law by providing an additional method of creating a lien. A tender is not such a legal right at all. The procedure of a court of equity is, from its nature, different from that at law, whether it be common law or civil law, and a tender is something coming within the rules of procedure rather than rights to land.

7. The motion also attacks the foundation of the whole bill by alleging that the proceeding is champertous. It is unnecessary to discuss this subject, which has been in a state of flux for some time. Bouvier's Law Dict. s. v. Champerty. The defect, if it existed, was one which should have been set out as a legal defect at the beginning, or on the merits of the case. It cannot now be raised for the first time after a final decree, nor at any time by the defendant when not a party to the contract.

8. In opposition to the motion, the complainant in the original suit claims that the present application should not be entertained because recent legislation has taken away the right of the petitioner to appeal from the original decree. The argument in this behalf is that all proceedings are barred by the recent act of Congress of January 27, 1915, changing appeals in this

court from the Supreme Court to the court of appeals of the first circuit.

The previous law allowed two years for appeals to the Supreme Court. Rev. Stat. § 1008, Comp. Stat. 1913, § 1649. The general rule is that a statute of limitations can be changed, —and this would apply to appeals as well as to other proceedings,—but that a reasonable time must be afforded after the changing for a party affected to enforce his right. Ochoa v. Hernandez y Morales, 230 U. S. 139, 57 L. ed. 1427, 33 Sup. Ct. Rep. 1033. In this case, if two years were allowed by the statute at the time of the decree of March 21, 1914, Congress could change this limit by an act on January 27, 1915, but not so as to act *ex post facto*. A reasonable time would probably be allowable. Whether that would be six months from the act of January 27, 1915, need not be at present decided.

It is not at all clear, therefore, that the petitioner was not entitled to a reasonable time after the passage of the act of January 27, 1915, in which to effect an appeal from the decree of March, 1914. This is not an application for an appeal, and so the point need not be decided; but if the appeal had been cut off, there would perhaps be the more reason for considering this motion as a bill of review than there appears to be on the view which the court has taken of the case.

9. Quite apart from the previous discussion, however, there is one view of the case which seems to be conclusive against the petitioner. It would seem that under the decree of March 21, 1915, allowing complainant Pettingill to redeem from the defendant Jones, the said complainant paid and the said defendant voluntarily accepted the amount found due the defendant by the master on the reference ordered. This was a few days after

Leake v. Olivieri.

the order of this court of March 1, 1915, approving the sum so found by the master, to whose report no exception has been filed.

A party cannot affirm and deny at the same time, whether it be a contract or a decree. The petitioner Jones seeks to show that this principle does not apply here by alleging that he was under the absolute necessity of accepting this amount, or he would have been in contempt of court. This is not clear. No reason appears why he could not have sought a reconsideration, or have appealed from this decree the same as he could with any other decree of the court. The fact that the court decides that the plaintiff is entitled to recover does not put the defendant in contempt because he does not comply. The present petitioner must be held estopped from further proceedings. *Consensus tollit errorem.*

It follows, therefore, that the motion must be denied, and it is so ordered.