# FRANCISCO BUJOSO

*v.*

# JOAQUIN Y VICENTA SARAS ET AL.

---

San Juan, Equity, No. 985.

### As to Cancelation of Fraudulent Deed.

**Citizenship—Municipal Courts.**

    1. The treaty of Paris provides for declaration of citizenship in Porto Rico before a court of record, but after this length of time a declaration before a municipal court will not be disturbed.

**Jurisdiction—Amount.**

    2. If the value appears from the evidence to be over the jurisdictional amount of this court, it is sufficient.

**Adequate Remedy at Law—Reivindicación.**

    3. Where clouds on the title must be removed before successful recovery, the remedy of reivindicación fixed in the Civil Code is not adequate.

**Prescription—Fraud.**

    4. A suit to set aside a fraudulent conveyance prescribes within four years in analogy to the provision in § 1268 of the Civil Code for a suit of nullity.

---

Note.—For a review of authorities on the question of effect of remedy at law upon equitable jurisdiction to remove cloud on title, see note in 12 L.R.A.(N.S.) 49.

Bujoso v. Joaquin y Saras.

Mortgage Law—Second Purchaser.

    5. A second purchaser under the Mortgage Law of Porto Rico is protected by the lack of knowledge of his immediate grantor.

Opinion filed August 25, 1917.

*Mr. E. B. Wilcox* for plaintiff.

*Mr. F. H. Dexter* for defendants.

HAMILTON, Judge, delivered the following opinion:

This is a suit of heirs of an ancestress to cancel a deed by a surviving husband, because, as alleged, it fraudulently covered the conjugal half interest acquired by his deceased wife pending marriage.

1. It seems that declarations of citizenship under the treaty of Paris were not uncommonly made before municipal courts, and this court is unwilling to disturb rights derived therefrom after such a period of time.

2. The value of the property is not as distinctly proved as might be, but there is considerable evidence tending to show that it is worth a thousand dollars, the amount required at the institution of this suit. Simkins, Fed. Eq. Suit, 169, 173.

3. There cannot be said to be an adequate remedy at law in reivindicación; for clouds on title must be removed before successful recovery, and this can best be effected in equity. Code Civ. Proc. § 282.

4. This is in effect a suit to set aside a fraudulent conveyance, and would seem to come within Civil Code, § 1268, pre-

Bujoso v. Joaquin y Saras.

scribing four years for an action of nullity, commencing in case of error or deceit from the date of consummation of the contract. Jimenez v. Ahumada, 14 P. R. R. 295; Vazquez v. Vazquez, 15 P. R. R. 84. The deed now in question is dated 1879, and the four years have run even against whatever minors were concerned. Graham v. Crosas, 19 P. R. R. 194.

5. The original grantee is not shown to have been a party to the alleged fraud, and his assignee only by inference from knowing the grantor and so probably knowing he was a widower and consequently without right to convey the half belonging to his deceased wife, but the subgrantee, whatever his knowledge, is protected by the lack of knowledge of his immediate grantor. He need only examine the record as to the title of his own grantor. Romeu v. Todd, 206 U. S. 358, 51 L. ed. 1093, 27 Sup. Ct. Rep. 724, s. c. 217 U. S. 150, 54 L. ed. 705, 30 Sup. Ct. Rep. 474. Mortgage Law, §§ 36, 37. The broad remedies in equity must supplement, not supersede, the civil law.

It follows that the plaintiff is not entitled to recovery, and that a decree must be entered dismissing the bill.

It is so ordered.