SAMUEL W. DARBY, *vs.* SAMUEL W. HALL.

*Assumpsit—Construction of Written Agreement—Contract—Peaches Merchantable—" Merchantable" Defined—Annullment of Contract—Notice—Waiver—Principal and Agent—Inspection by Agent.*

1. The word " merchantable " in a contract for sale of peaches, defined.

2. That term in the contract in question has reference to the peaches on the farm of plaintiff, and the jury should consider it with reference to those peaches and others in that neighborhood and for that season. The peaches must have been delivered in usual size baskets, properly and fairly culled and packed in the manner usual and customary in the neighborhood by ordinarily prudent and careful men.

3. If the plaintiff delivered peaches not merchantable, after notice from the defendant that he would only pay for such peaches as much as he received for them, he could in such case recover only the amount the defendant received.

4. General and unrestricted payment made after complaint, operates as a waiver of such complaint.

5. Inspection and acceptance of merchandise at the place of delivery by an agent binds the principal.

6. If the contract was not annulled, it was in the plaintiff's option, after defendant's refusal to secure any more peaches, to leave the balance of the merchantable peaches in the orchard and sue the defendant for the contract price; or to sell them at the defendant's risk, and sue for the loss, if any resulted therefrom.

(*October 26, 1900.*)

LORE, C. J., and GRUBB, J., sitting.

*William T. Smithers* and *Henry Ridgely, Jr.*, for plaintiff.

*Richard R. Kenney* and *Arley B. Magee* for defendant.

Superior Court, Kent County, October Term, 1900.

ACTION OF ASSUMSIT (No. 25, April Term, 1897). See facts in charge of Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—This is an act of assumpsit brought by Samuel W. Darby, the plaintiff, against Samuel W. Hall, the defendant, upon the following written agreement:

"Dover, Del., June 13, 1896.—I have bought of S. W. Darby all his merchantable peaches grown on his farm near Frederica, to be delivered in usual size baskets, in merchantable order, on steamboat at Frederica, or if steamboat cannot receive them, then to be delivered at Felton on cars in due time for the day's fruit trains. I am to pay S. W. Darby the market price for the baskets, and twenty-five cents a basket clear of the baskets for the peaches in cash on each Saturday night during the delivery.

"SAML. W. HALL."

The plaintiff claims that under this agreement, there is due to him from the defendant the sum of $455.06 with interest thereon from September 11, 1896. This sum is made up of the following items, viz.: $395.50 as the unpaid balance of the price of 3596 baskets of peaches, delivered to the defendant on board the boat at Frederica; $34.61 being the loss on 770 baskets of peaches which it is claimed the defendant refused to receive, and were sold by the plaintiff to other persons at that much less than he would have received at the contract price of twenty-five cents a basket; and the further sum of $26.95, being the cost price of the 770 baskets which the defendant was to have furnished.

The defendant, however, insists, that he only received 3120 baskets and not 3596 as claimed by the plaintiff; and that most of those received were not merchantable, and that they were received after notice to the plaintiff that for such as were not merchantable, the defendant would only pay so much as he realized from the sale thereof; and that he has so paid in full for all the peaches received. That by mutual consent, the contract in this case was annulled on

the twenty-seventh day of September, 1896, which was before the alleged loss on sale of the 770 baskets to other persons; that he is in nowise liable for such loss or for the baskets in which such peaches were marketed.

It is the duty of the Court, under the prayers of the respective parties, to interpret this contract, and announce the principles of law governing it.

The word "merchantable" in a contract, means generally, vendible in market (*2 Bouvier Dict., 400*), and when unqualified in any way such is its general meaning. It would be difficult, if not impossible, to give an inflexible definition to the word merchantable. Much in each case would depend upon whether the article to be dealt in, is susceptible of a fixed and uniform standard, or is of a variable nature; and is also dependent upon the conditions and circumstances surrounding each case. If any particular fixed standard is sought, it should be expressed in the contract.

By the terms of this contract, the defendant bought of the plaintiff, all his merchantable peaches grown on his farm near Frederica to be delivered in usual size baskets in merchantable order on steamboat at Frederica, etc. No particular size; no particular market value; no special standard of comparison is set out. It is only set out, that the peaches shall be merchantable, delivered in usual size baskets in merchantable order. The term merchantable in this contract has reference to the peaches on the farm of the plaintiff near Federica; and you are to consider it with reference to those peaches and others in that neighborhood and for that season.

Should you be satisfied from the evidence, that the peaches delivered on the boat at Frederica, were merchantable, as we have heretofore defined it, and were delivered in usual size baskets in merchantable order; that is, properly and fairly culled and packed in the manner usual and customary in that neighborhood, by ordinarily prudent and careful men, then the plaintiff would be entitled to your verdict. In such case he would have fulfilled his contract.

If you should believe from the evidence, however, that some

of his peaches were not merchantable and were delivered by plaintiff after notice from the defendant that he would only pay for such peaches so much as he received for them, in that case the plaintiff could only recover the amount the defendant received; because by sending peaches not merchantable and not within the terms of the contract, after such notice, he would impliedly agree to accept what they brought. But if they were merchantable and within the terms of the contract when delivered, it is immaterial for what price they sold, or how much the defendant complained or objected, as he could not by such complaint or objection avoid his liability.

It is a well settled rule of law that general and unrestricted payment made after complaints, operates as a waiver of such complaints.

It is also a rule of law that inspection and acceptance of merchandise at the place of delivery by an agent binds the principal.

Should you be satisfied from the evidence, that on or about the twenty-seventh day of August, 1896, the contract in this case by consent of the parties was cancelled or annulled, the plaintiff cannot recover for the loss on peaches sold to other persons after that date; or for the baskets in which they were marketed.

On the other hand, if you believe the plaintiff did not agree or consent, the defendant would be liable, inasmuch as his agreement was to take all plaintiff's merchantable peaches grown on that farm. In this case it was the plaintiff's option to leave the balance of the merchantable peaches in the orchard and sue the defendant for the contract price of twenty-five cents per basket; or to sell them at the defendant's risk and sue for the loss, if any resulted therefrom.

Applying the principles of law above stated by the Court, it is your province to determine what, if any amount, is due the plaintiff from the defendant in this case.

Verdict for plaintiff for $455.06.