LLEWELLEN F. CARLL *vs.* INTERSTATE CONSOLIDATED RAIL-
ROAD COMPANY.

PROVIDENCE—FEBRUARY 12, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Street Railways.   Master and Servant.   Negligence.   Assumption of
Duty by Master to Servant.*

A declaration alleged that plaintiff was employed to remove snow from
tracks of defendant ; that he was conveyed in defendant's cars to the
place of employment and kept at work continuously for thirty-six hours,
and exposed to extreme cold ; that he was given insufficient food, and
no warm drink or extra clothing ; that when he began to suffer from the
cold he was refused permission to leave off work ; that when unable to
continue work he was ordered to enter and permitted to remain in one
of the cars of defendant, without any protection from the cold and with-
out food all night, and was not allowed transportation to his home.   On
demurrer :—

*Held*, that it was a question for the jury, on the facts stated, whether or
not defendant had assumed the duty of taking reasonable care of plain-
tiff while in its car, and of seasonably conveying him where he could be
taken care of.

TRESPASS ON THE CASE for negligence, on facts stated in
the opinion.   Heard on demurrer to declaration, and demur-
rer overruled.

TILLINGHAST, J.   This is trespass on the case for negli-
gence, and is before us on the defendant's demurrer to the
declaration.

The declaration alleges that on the 15th day of February,
1899, the plaintiff was employed by the defendant to aid in
removing . ice and snow which had accumulated in large
quantities upon its tracks and road-bed ; that he was taken
and conveyed in one of the cars of the defendant corporation
from the car-barn in Pawtucket to Attleboro, Mass., where
he was set at work in removing said snow and ice, and that
he was kept at said work for an unreasonable length of time,
to wit, for thirty-six hours continuously, and was negligently
exposed to extreme cold ; that, although said exposure made
his labor and the defendant's duties extra hazardous, he was

given insufficient food, and no warm drink or extra clothing, nor was he given any opportunity to procure them, although he requested such a privilege.

The plaintiff further alleges that when he first began to suffer from the cold he requested to be allowed to leave off work, which request was refused ; and that when he could no longer work he was ordered to enter and permitted to remain in one of the cars of the defendant corporation, totally unaided and neglected, and without any protection from the cold, and without any food, all night ; and, although there were several cars of the defendant corporation returned from said Attleboro to Pawtucket, that he was not allowed transportation to his home in Pawtucket, although he earnestly requested to be conveyed thither, and although he had earned some six dollars which was then due him for his labor.

The declaration also contains the ordinary allegations of due care on the part of the plaintiff, and charges gross carelessness and inhuman treatment towards him on the part of defendant, and of neglecting to discharge the duties which it owed him in view of the facts alleged, whereby he was greatly injured, etc.

The grounds of demurrer are substantially the same as those set forth and relied upon in *King* v. *The Consolidated St. R'y Co.*, just decided, 23 R. I 583.

(1)  It will at once be seen, upon comparing the declaration in this case with that in the King case, that a material difference exists between them in at least two respects, viz. :  In the case now before us the declaration sets out that the plaintiff was taken and conveyed by defendant from Pawtucket to Attleboro, before being set to work as aforesaid, and that after he began to suffer from the cold and was unable to work any longer, he requested to be permitted to leave off work, and being refused, he was ordered to enter and permitted to remain in one of the cars of the defendant, and that the defendant wholly neglected to take care of and provide for him for a long time, while practically in a helpless condition.

In view of these allegations, we are of the opinion that the case stated is substantially like that of *Bresnahan* v. *Lonsdale*

*Co.*, referred to in the King case, and hence that the demurrer should be overruled.

If the defendant directed the plaintiff, after becoming disabled to work, to go into one of its cars and permitted him to remain there as alleged, we cannot say, under the circumstances, that it would not be competent for the jury to find that the defendant assumed upon itself the duty of taking reasonable care of him while there and of seasonably conveying him to his home or to some place where he would be taken care of.

As intimated in the King case, it was doubtless competent for the defendant to assume the duty of protecting the plaintiff from unusual hardships and of taking reasonable care of him in case of his becoming disabled from exhaustion while performing the work in question. And, as we understand the declaration in this case, it substantially charges the assumption of such duty by the defendant.

The demurrer is therefore overruled, and the case remanded to the Common Pleas Division for further proceedings.

*J. M. Gillrain and T. P. Corcoran*, for plaintiff.
*William B. Vincent*, for defendant.