MILES F. BIXLER, TRADING, &c., PLAINTIFF AND APPEL-LANT, v. SAMUEL FINKLE, DEFENDANT AND APPEL-LEE.

Submitted July 3, 1913—Decided November 10, 1913.

1. Either party to a contract for the sale of goods, wholly or par-tially executory on the part of the other party, always has the right to stop performance by the other party subject to that party's right to damages.

2. Repudiating a contract to sell goods, or countermanding per-formance, does not rescind the contract, but constitutes a breach of it.

3. If the breach of a contract to sell takes place before any of the goods have been delivered, the measure of damages is the esti-mated loss directly and naturally resulting, in the ordinary course of events, from the buyer's breach of contract, and where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is the dif-ference between the contract price and the market or current price at the time when the goods ought to have been accepted.

4. Where the buyer repudiated his contract before the seller at-tempted to deliver the goods, and the seller in his action fails to offer any evidence as to the market or current price of the goods which had an available market, or any evidence from which it is possible to estimate the loss directly and naturally resulting, in the ordinary course of events from the buyer's breach of contract, a judgment for nominal damages only is proper.

On appeal from the District Court of the city of Trenton.

Before Justices GARRISON, TRENCHARD and MINTURN.

For the appellant, *Willis P. Bainbridge.*

For the appellee, *John S. Van Dike.*

The opinion of the court was delivered by

TRENCHARD, J.    The action was brought to recover on a contract in writing whereby the plaintiff agreed to sell and the defendant agreed to buy at a price therein specified, certain goods which the plaintiff had on hand.

The trial judge, sitting without a jury, rendered judgment in favor of the plaintiff for six cents, damages and costs, and the plaintiff appealed.

We think, in view of the state of the proofs, that the judgment was properly limited to nominal damages.

It appeared that shortly after the contract was made, and before the goods were shipped, the defendant wrote to the plaintiff that he would not take the goods and not to ship them.    It also appeared that later, when they were shipped, he refused to receive them.

The rule of law is that either party to a contract, wholly or partially executory on the part of the other party, always has the right to stop performance by the other party subject to that party's right to damages. *Ell. L. S.* 611.

Repudiating a contract to sell goods or countermanding performance, does not rescind the contract, but constitutes a breach of it. 2 *Mech. S.,* § 1092.

If the breach of contract takes place before any of the goods have been delivered, the measure of damages is the estimated loss directly and naturally resulting, in the ordinary course of events, from the buyer's breach of contract (*Sales of Goods Act,* § 64 (1) (2) ; *Comp. Stat., p.* 4662; *Ell. L. S.* 612), and where there is an available market for the goods in question, the measure of damages, in the absence of special circumstances showing proximate damages of a greater amount, is

the difference between the contract price and the market or current price when the goods ought to have been accepted. The *Sales of Goods Act,* § 64 (3) ; *Comp. Stat., p.* 4662 ; *Ell. L. S.* 609.

The goods in question in the present case were manifestly of a kind for which there was an available market. But no evidence was offered as to the market or current price, nor was any offered from which it was possible to estimate the loss directly and naturally resulting, in the ordinary course of events, from the defendant's breach of the contract. In such state of the proofs a judgment for nominal damages only was proper.

The judgment below will be affirmed.