Welch & Co. v. Central San Cristobal.

# WELCH & COMPANY, Complainants,

*v.*

# CENTRAL SAN CRISTOBAL, INC., Dft.

### CLAIM OF GARZOT.

San Juan, Equity, No. 940.

#### RESCISSION FOR FAILURE OF CONSIDERATION.

Rescission of Contract for Failure of Consideration.

A granted B a perpetual right of way in consideration of B granting A the exclusive right to keep a store on B's premises, against which store B was to issue tickets to its workmen in payment of their wages. Shortly after this contract the Insular legislature prohibited the payment of workmen in the manner aforesaid, and A's store, in consequence, ceased to do business. Six years later, A seeks to rescind the contract and to recover the right of way. Held:

1. A cannot recover on the ground of failure of consideration, because the same was adequate at the time of the contract, although later obviated through no fault of either of the parties, but as the result of legislation which should have been contemplated by them;

2. A's claim, in any event, is estopped as a result of his laches in failing to present the same after a period of about six years after the alleged failure of consideration on the part of B and more than four years after the execution of a mortgage to innocent third parties, covering the right of way in question;

3. A, however, is entitled to recover such damages as may have been caused him on account of the failure on the part of B to perform its obligation.

Opinion filed July 22, 1915.

NOTE.—For the somewhat similar question of effect on lease of property for saloon of passage of prohibitory laws during the term, see notes in 23 L.R.A.(N.S.) 497; 34 L.R.A.(N.S.) 773.

Welch & Co. v. Central San Cristobal.

## Statement of Facts.

During the progress of this cause Juan R. Garzot, on October 5, 1914, filed an intervening petition, asking that a contract between him and the defendant central of May 9, 1906, be rescinded for failure of consideration. The petition alleged that the petitioner granted defendant a right of way over two certain tracts of real estate in Naguabo, known as San Francisco, consisting of about 406 cuerdas, and Fortuna, containing about 609 cuerdas, for an indeterminate period, in consideration of the central granting petitioner the exclusive right to establish a dry-goods store at the central, on which the central should issue tickets to its workmen for merchandise. Petition denies that there is any other consideration. On the hearing it was shown that this contract was executed as alleged, but that failure to carry out the store arrangement was due, not to any fault of the central, but to an act of the legislature of Porto Rico, dated March 12, 1908, forbidding employers to issue such tickets to workmen. The result was that the workmen ceased to trade at the store, and bought their goods elsewhere. The petitioner consequently shut up the store. The central duly registered the contract in question, and its right of way thereunder is among those contained in the mortgage of July 1, 1910, duly registered, to the United States Mortgage & Trust Company. The central passed into the hands of the receiver herein August 16, 1913. There were negotiations between the receiver and petitioner relative to this right of way, but the receiver would not cancel the contract, because of the importance of the right of way to the operation of the central. It not only covered the lands through which it ran, but reached other lands, partly those of petitioner, beyond.

*Mr. Henry G. Molina,* for Welch & Company.

*Mr. Frank Antonsanti* for petitioner Garzot.

*Mr. J. Heeri Brown* for United States Mortgage & Trust Co.

*Mr. Louis Banigan* for bondholders.

HAMILTON, Judge, delivered the following opinion:

1. The contract was made in view of the local civil law, which looks at the matter of consideration differently from the point of view of the common law. This raises most interesting questions.

The provisions of the local law on the subject of rescinding contracts is found in §§ 1258, 1260, 1261, and 1262 of the Porto Rico Civil Code, as follows:

"Sec. 1258. The following may be rescinded:

"1. The contracts which may be executed by guardians without the authorization of the competent district court, provided the persons they represent have suffered lesion of more than one-fourth part of the value of the things which may have been the object thereof.

"2. Those executed in representation of absentees, provided the latter have suffered the lesion referred to in the preceding number.

"3. Those executed in fraud of creditors, when the latter cannot recover, in any other manner, what is due them.

"4. Contracts relating to things in litigation, should they have been executed by the defendant without the knowledge

Welch & Co. v. Central San Cristobal.

and approval of the parties in litigation or of the competent judicial authority.

"5. Any other contracts specially determined by law."

"Sec. 1260. No contract shall be rescinded for lesion, excepting the cases mentioned in Nos. 1 and 2 of § 1258.

"Sec. 1261. The action for rescission is a subsidiary one; it may be forced only when the person injured has no other legal remedy to obtain reparation for the injury.

"Sec. 1262. Rescission obliges the return of the things which were the objects of the contract, with their fruits and the sum with interest; therefore it can only be carried into effect when the person who may have claimed it can return that which, on his part, he is bound to do.

"Neither shall rescission take place when the things which are the object of the contract are legally in the possession of third persons who have not acted in bad faith.

"In such case the indemnity for damages may be claimed from the person who caused the lesion."

As everything relating to this receivership property is drawn into this court, the application at bar may be regarded as brought either under the civil law, or under the principles of equity. It is not clear from the petition which point of view is taken, and therefore both must be considered.

2. The remedy of rescission and cancelation is well known in equity. Pom. Eq. Jur. § 112; Adams, Eq. *173–*193.

The basis of it is that it is inequitable for one party to a contract to retain property or rights for which he has given no equivalent, and this may arise from fraud, failure of consideration, and in other ways. It is to be observed, however, that the right does not arise on the ground of mere inadequacy

of consideration, except in the civil law, where there has been, as to contracts of guardians, failure of more than one fourth of the consideration, and in some cases provided by statute as to lands bought at so much an acre. This, however, does not apply to the case at bar.

The allegation of the petition is that there was a total failure of consideration, and in a proper case a total failure will authorize rescission. Johnson Forge Co. v. Leonard, 3 Penn. (Del.) 342, 57 L.R.A. 225, 57 Am. St. Rep. 86, 51 Atl. 305, 307; Osgood v. Bauder, 75 Iowa, 550, 1 L.R.A. 655, 39 N. W. 887. In cases of partial failure the remedy is afforded in damages.

3. The facts presented at bar, however, are not covered by any authorities cited. Here the consideration is not disputed to have been adequate at the time that the contract was made, and its failure has come about through no fault of either party. It has resulted from a statute passed by the legislature, acting within its constitutional powers. Nor is this a failure due to accident or fraud, or any other of the grounds recognized in equity jurisprudence. Indeed, it cannot be said to be strictly a failure of consideration at all, but rather a situation which could have been taken into account by the parties, and must be held to have been taken into account. Legislation against the ticket system of paying laborers has been known in the different states for many years, and when the parties made a contract based upon this system, they must be held to have made it in view of the possible change of public policy. The situation is the same as if the legislation had been directed not against the ticket system, but imposing such restrictions upon the use of a railroad as would have caused the central to abandon the use of the right of way. In either event, there

Welch & Co. v. Central San Cristobal.

would not be a failure of consideration which could be traced to the opposite party. There would be a loss, but it should fall upon the party suffering it, not upon one not connected with it at all. Under such circumstances law must leave the parties where it finds them.

4. There is this further consideration, which is conclusive: A party asking the aid of a court of equity must do so seasonably and not be guilty of laches. In the case at bar the statute of which Garzot complains was passed March 12, 1908, and his claim was not filed until July 20, 1914, over four years after the accrual of the rights of the United States Mortgage & Trust Company under the central's mortgage of July 1, 1910. The Porto Rican statute allows four years for the bringing of a suit for rescission (Civil Code, § 1266), and a court of equity could certainly not allow a longer period under the doctrine of laches. An innocent party should be protected under such circumstances. Johnson v. Evans, 50 Am. Dec. 675, note. No question of fraud is raised, and if there were it would be barred by the limitation of one year as to the United States Mortgage & Trust Company. Mortgage Law, art. 37. It is too late for Garzot to seek any relief which would affect the mortgagee, who is not guilty of inequitable conduct. Mortgage Law, art. 36 and ¶ 7 of art. 38, are as follows:

"Art. 36. Rescissory and resolutory actions shall not lie against third persons who have recorded the deeds of their respective interests in accordance with the provisions of this law."

"Art. 38. (No rescission) (7) On account of any other actions which special laws or statutes grant to specific persons

Welch & Co. v. Central San Cristobal.

for the rescission of contracts by reason of causes which the record does not expressly show."

Nothing is shown to have been brought to the attention of the United States Mortgage & Trust Company prior to the execution of the mortgage, and any complaints out of court since that time would not affect the matter. That company is protected by the record as it finds it. Todd v. Romeu, 217 U. S. 150, 54 L. ed. 705, 30 Sup. Ct. Rep. 474.

5. A decision that Garzot is not entitled to rescission does not necessarily decide that he is not entitled to damages. It might very well be that the store privilege would not go to the essence of the contract, especially under the circumstances of this case, and yet there be a liability on the part of the central or the receiver for damages suffered by Garzot from the loss of his store franchise, especially from the date that the central went into the hands of the receiver. The case, however, has not been presented from this point of view, and therefore will not be discussed. 1 Pom. Eq. Jur. § 237. If the petitioner desires to amend or redraft his petition along this line, permission will be granted, and it will be referred to the master to ascertain the damages and their priority, if any.

As the matter stands, however, the exceptions of the United States Mortgage & Trust Company and other parties to the report of the master are sustained, and the petition of Garzot for rescission is denied.

It is so ordered.