MARY A. BAILEY, d. b. a., *vs.* S. & H. INFANT WEAR CO., INC., p. b. r.

*(December* 1, 1924.)

RICE, J., sitting.

*Edmund S. Hellings* for plaintiff below, respondent.

*J. Frank Ball* and *James Saulsbury* for defendant below, appellant.

Superior Court for New Castle County, November Term, 1922.

No. 220, September Term, 1922.

Rice, J., charged the jury, with respect to the measure of damages, if the verdict should be for the plaintiff, in part, as follows:

It has been held in this state that if the buyer, without right or authority, refuses to comply with a contract for the sale and acceptance by him, of personal property and the seller does not consent to a cancellation or rescission of such contract, that such seller has the right, at his option, to set aside or store the goods covered by the contract for the purchaser and to sue for the full contract price of such goods. *Darby v. Hall*, 3 *Penn*. 25, 50 *A*. 64. If, therefore, you should find that the defendant, without lawful justification or excuse, and without the consent of the plaintiff, unqualifiedly notified the plaintiff that she would not accept the goods covered by the contract if tendered to her, and the plaintiff

company was ready and willing to comply with the terms of such contract and with notice to the defendant did set aside to the order of the defendant the goods in question, then the plaintiff is entitled to recover from the defendant the damages the plaintiff thereby suffered by such action of the defendant; and the measure of such damages would be the price agreed upon for the goods ordered by the defendant from the plaintiff and which she refused to accept.

Verdict for defendant.

NOTE.—With respect to the measure of damages in a case of this character and the limitations on the rule, see *Williston on Contracts*, §§ 1298, 1365, 1366, and 1376, *note* 95.