STANLEY DUDZIK *vs.* FRED DEGRENIA.

JULY 5, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Sales. Payment in Installments.*

Where goods are sold under an agreement for payment in installments without any provision that in case of default in any installment the entire balance should forthwith become due and payable, there can be no recovery except for the sum due according to the contract when suit is commenced.

ASSUMPSIT. Heard on exception of defendant and sustained.

SWEENEY, J. This is an action of the case in assumpsit to recover the balance due on the purchase price of a motor

bus. The declaration contains a count for goods sold and delivered. After trial in the Superior Court the jury returned a verdict for plaintiff for the full amount claimed, namely, $635. After denial of his motion for a new trial by the trial justice defendant has brought the case to this court by his bill of exceptions.

Defendant purchased the motor bus from plaintiff by bill of sale dated September 14, 1925, for $900. He paid $100 cash and agreed to pay the balance in weekly instalments of $25 each, beginning September 21. He also assumed and agreed to pay a balance due from plaintiff to a motor car company. Defendant made five weekly payments to plaintiff amounting to $125. November 2, defendant gave plaintiff the check of a third person for $40. Plaintiff was unable to cash this check and returned it to defendant within a few days and received $40 cash from him. Defendant made no subsequent payments. The writ was issued November 16, 1925. Plaintiff testified that before the writ was issued he asked defendant for a payment and defendant replied that he had no money and would not pay. Defendant denied that he made this statement to plaintiff and testified that plaintiff agreed, upon the receipt of the $40, that he would wait a couple of weeks for subsequent payments. Plaintiff denied making this agreement.

A party to a contract may waive its performance for his benefit and may elect not to take advantage of a breach of its conditions. The question whether facts have been established showing a waiver or repudiation of the contract is a question for the jury. The trial justice submitted these issues to the jury saying that if they found that the bargain as made by defendant was absolutely repudiated by him; that if he told the plaintiff before November 16, 1925, he would not pay another cent on that bargain, and the plaintiff believed him, then the plaintiff had a right to assume that he would not pay any more money and had the right to bring this suit for the balance due, namely, $635. But if they found that the defendant did not make any such state-

ment, that he was paying as he could and there was no understanding between him and the plaintiff as to waiving the time of payment, then on the date the writ was issued there was $60 due plaintiff. He further instructed the jury that if they found that upon the payment of the $40 plaintiff had waived payments for a couple of weeks and that this time had not expired when the writ was issued their verdict should be for defendant. Defendant took an exception to that part of the charge by which the jury were instructed that under certain circumstances they might return a verdict for $635.

(1)     Defendant contends that under the most favorable view of the testimony plaintiff was entitled to a verdict for only $60, being the amount of the instalments due at the time of the issuance of the writ. This contention is correct. Possession of the bus was delivered to defendant at the time of its purchase. He was to pay for it in weekly instalments. There was no agreement that upon his making default in payment of any instalment the balance of the purchase price should immediately become due.

Where the sale is on credit no action can ordinarily be maintained for the price until the time of credit has expired, as such action affirms and depends on the very contract of sale, the time of credit included, and until the expiration of the term of credit the obligation to pay has not matured and there can be no breach of the contract as to payment; and if payment is to be made in instalments there can be no recovery except for the sum due according to the contract when the suit is commenced. 24 R. C. L. 95; 35 Cyc. 528; Williston on Sales §§ 561, 593. In *Tatum* v. *Ackerman*, 83 P. (Cal.) 151, the court said that it appeared to be universally recognized that where the credit is unconditional, if it was not obtained by fraud or based upon a consideration which has failed or has not been waived, an action will not lie on the contract for the purchase price until the expiration of the term of credit. See also *Bates-Street Shirt Co.* v. *Place*, 84 A (N. H.) 47.

By their verdict the jury found that plaintiff did not grant defendant an extension of time in which to make his payments. Plaintiff was entitled to a verdict only for the amount of the instalments due at the time of the issuance of the writ, viz. $60. At this time the instalments for the twenty-three weeks following had not accrued and could not be included in the verdict.

Defendant's exception is sustained. The parties may appear before the court on the 8th day of July, 1927, at 9 o'clock, a. m., Standard time, and show cause if any they have, why an order should not be made remitting the case to the Superior Court with direction to enter judgment for plaintiff for $60.

*Thomas L. Carty,* for plaintiff.

*Thomas P. Corcoran,* for defendant.