ST. REGIS SALES CORPORATION, a corporation of the State of Maryland, v. WILSON CABINET CO., INC., a corporation of the State of Delaware.

(*February* 11, 1952.)

RICHARDS, P. J., sitting.

*Isaac D. Short, 2d.*, Attorney for the plaintiff.

*Tunnell and Tunnell*, Attorneys for the defendant.

Superior Court for Sussex County, No. 349, Civil Action, 1950.

RICHARDS, P. J.:

The plaintiff is a manufacturer of breakerstrip, known by the name of "Panelyte", for use in refrigeration equipment.

The defendant, a manufacturer of refrigeration units, on May 22, 1947 ordered from the plaintiff certain pieces of "Panelyte" breakerstrip and gave shipping instructions calling for shipments to be made on July 1, 1947, September 1, 1947 and November 1, 1947. This order and shipping instructions was confirmed by the plaintiff and prices on said pieces of "Panelyte" breakerstrip were quoted F.O.B. Trenton, N. J., net 30 days. Thereafter, the plaintiff commenced the manufacture of said material in compliance with said order. The defendant accepted the first shipment of "Panelyte" breakerstrip delivered at Smyrna, Delaware, on or about July 1, 1947, paid for the same

in compliance with the contract and subsequently used said material in the manufacture of its products. In August 1947, the defendant began having difficulty with said "Panelyte" breakerstrip and requested plaintiff to stop production pending an investigation of said difficulty. On August 11, 1947, defendant wrote to the plaintiff again requesting plaintiff to stop production of its order pending investigation. On October 10, 1947, defendant wrote the plaintiff a letter stating that because of the very unsatisfactory results had with the "Panelyte" breakerstrip supplied by the plaintiff, it was necessary to ask the plaintiff to cancel the order in its entirety, with the exception of 350 pieces of part 204-9-5, which it would require for replacement stock on units which had been shipped out of its place. Following the receipt of this letter, the plaintiff advised the defendant of the material then on hand, completed or partially completed, and the value thereof, requesting instructions as to how said materials should be disposed of. On November 12, 1947, the defendant wrote to the plaintiff stating that it would not recognize any responsibility for the disposition of the material on hand because it was defective.

The defendant having refused to pay the plaintiff the value of the material on hand this action was brought on November 29, 1950.

The plaintiff contends that the contract in question is an executory sales contract, and that the course taken by the defendant as stated by its letters of August 11, 1947, and October 10, 1947, was an attempted rescission of the contract, or what is known as an anticipatory breach, which entitled the plaintiff to elect to treat such attempted rescission as a breach of the contract as of that time, and bring suit at once for damages arising therefrom, or to ignore the attempted rescission and hold the defendant to performance of the contract according to its terms. The plaintiff further contends that the date for final performance of the contract by the defendant did not arrive until the expiration of the term of credit expressed by the contract, namely, the expiration of thirty days from the date of the last

delivery called for by the contract, being November 1, 1947, and that the statute of limitations did not begin to run until that time.

The defendant admits that the contract in question is an executory sales contract, and agrees that under the doctrine of anticipatory breach as applied to such contracts, the plaintiff had the right to treat the attempted rescission as a breach of the contract as of that time, and bring suit at once for damages, or to ignore said attempted rescission, treat the contract as in full force until the time for performance and then bring suit.

The defendant contends, however, that the contract was an installment contract, at least in respect to payments, under the terms of which the plaintiff was bound to send, and the defendant bound to receive, the goods in question in three installments, the defendant being bound to pay for each installment within thirty days after the date of delivery of said installments; that it was the defendant's duty to receive the first installment on July 1, and pay for the same on July 30, to receive the second installment on September 1, and to pay for the same on September 30, to receive the third installment on November 1st and to pay for the same on November 30; that the statute of limitations began to run as to each installment as soon as it became due.

The defendant further contends that by its letter of October 10, 1947, it definitely repudiated and cancelled the entire contract; that said letter breached that part of the contract that called for him to accept the September installment, but that said letter was merely an anticipatory breach of the November installment; that the plaintiff could have brought suit on October 10th for damages sustained by the defendant's anticipatory breach of the November installment, or he could have ignored said anticipatory breach of the November installment and held that portion of the contract open until the time for delivery arrived on November 1; that by refusing to accept the delivery of the November installment, the defendant breached the con-

tract and the plaintiff's cause of action for said November installment accrued at that time; that the statute of limitations should run as to one portion of plaintiff's claim from October 10, 1947 and from the remainder of the plaintiff's claim from November 1, 1947.

In order to recover for the purchase price of any commodity there must be an executed sale and title for said commodity must have passed from the vendor to the vendee.

It is admitted that the contract in question is not an executed contract, but an executory contract and that the plaintiff's only remedy is for damages occasioned by the defendant's breach.

It is further admitted that the plaintiff could not sue for the purchase price under the contract because at the time of the defendant's breach, the plaintiff was still in the process of manufacturing the "Panelyte" breakerstrip, with only a small portion fully completed, which left the contract still executory.

The question of whether a contract is entire or severable cannot be determined from the fact that the payments on said contract are to be made by installments. That is one of the distinguishing characteristics of a divisible contract but it is not conclusive. The nature of the contract depends upon the intention of the parties and this must be gathered from their acts under all the facts and circumstances of the transaction in question. *Johnson Forge Co. v. Leonard*, 3 *Penn.* 342, 51 *A.* 305, 57 *L. R. A.* 225, 94 *Am. St. Rep.* 86; *Orenstein v. Kahn*, 13 *Del. Ch.* 376, 119 *A.* 444.

The agreement between the plaintiff and defendant for the purchase and sale of the "Panelyte" breakerstrip, as disclosed by the facts before me, was a complete transaction assented to by them at the time, which made the contract entire, notwithstanding the fact that the delivery and payments were to be made by installments.

The renunciation of the contract by the defendant without the consent of the plaintiff did not terminate it. A breach of the contract by one party alone is not effective as an anticipatory breach. The plaintiff could still consider the contract as in force, and ignoring the defendant's notice of renunciation, assume that the defendant would carry out its part of the contract when the time for performance arrived. If the plaintiff had decided to agree to the action taken by the defendant in renouncing the contract, it could have brought suit at once for damages occasioned by the breach. However, the plaintiff was not required to accept the defendant's notice of his intention to breach the contract, but could wait until the time for full performance of the contract arrived and then bring suit for damages sustained by the defendant's failure to perform. *Belisle v. Berkshire Ice Co.*, 98 *Conn.* 689, 120 *A.* 599, 34 *A. L. R.* 108; *Roehm v. Horst*, 178 *U. S.* 1, 20 *S. Ct.* 780, 44 *L. Ed.* 953; *Oklahoma Vinegar Co. v. Carter*, 116 *Ga.* 140, 42 *S. E.* 378, 59 *L. R. A.* 122, 94 *Am. St. Rep.* 112, 42 *S. E.* 378; *Kadish v. Young*, 108 *Ill.* 170, 48 *Am. Rep.* 548; *Norfolk Hosiery & Underwear Mills Co. v. Aetna Hosiery Co.*, 124 *Va.* 221, 98 *S. E.* 43; *Bixler v. Finkle*, 85 *N. J. L.* 77, 88 *A.* 846; *Robinson v. Raquet*, 1 *Cal. App.* 2d 533, 36 *P.* 2d 821; *Krebs Hop Co. v. Livesley*, 59 *Or.* 574, 114 *P.* 944, affirmed 118 *P.* 165; *Tatum v. Ackerman*, 148 *Cal.* 357, 83 *P.* 151, 3 *L. R. A., N. S.* 908, 113 *Am. St. Rep.* 276; *Dudzik v. Degrenia*, 48 *R. I.* 430, 138 *A.* 57, 57 *A. L. R.* 823; *Philpotts v. Evans*, 5 *Mees. & W.* 475, 151 *Eng. Rep.* 200.

Under the terms of the contract the final shipment of "Panelyte" breakerstrip was to be made on November 1, 1947, net 30 days, F.O.B., Trenton, N. J. On November 1, 1947, the defendant could have called upon the plaintiff to perform its part of the contract, and within three years after the time provided for the final payment, namely, November 1, 1947, net 30 days, the plaintiff was entitled to bring suit against the defendant for any damages which it sustained by reason of the defendant's failure to perform its part of the contract. This being the case, the plaintiff's action filed on November 29, 1950 was within

three years of the time provided for final payment and was not barred by the statute of limitations.

The contract was never entirely cancelled by the defendant because in its letter of October 10, 1947, it excepted 350 pieces of part 204-9-5 which it stated it would require for replacement stock on units which had been shipped out of its plant.

I cannot agree with the plaintiff's contention that the cases of *Tatum v. Ackerman, supra*, and *Dudzik v. Degrenia, supra*, are on all fours with the present case. Installment contracts were involved in these cases, but in each of them the suit was brought before the amount claimed was due and payable, while in the present case, the suit was not brought until after November 1, 1947, when the last payment under the contract was due.

In the case of *Darby v. Hall*, 3 *Penn.* 25, 50 *A.* 64, the principle involved in this case was recognized to some extent, but the contract between the parties was annulled by mutual consent. The Court charged the jury that it was optional with the plaintiff to leave the balance of the merchantable peaches in the orchard and sue the defendant for the contract price per basket or to sell them at the defendant's risk and sue for the loss, if any resulted therefrom. In the case of *Bailey v. S. & H. Infant Wear Co., Inc.*, 3 *W. W. Harr.* 34, 129 *A.* 863, 864, the facts were similar to the facts in this case. In charging the jury the Court used the following language:

> "If, therefore, you should find that the defendant, without lawful justification or excuse, and without the consent of the plaintiff, unqualifiedly notified the plaintiff that she would not accept the goods covered by the contract if tendered to her, and the plaintiff company was ready and willing to comply with the terms of such contract and with notice to the defendant did set aside to the order of the defendant the goods in question, then the plaintiff is entitled to recover from the defendant the damages the plaintiff thereby suffered by such action. of the defendant".

Being of the opinion that the present action is not barred by the statute of limitations, the motion for summary judgment must be denied.