BURWELL & ORD IRRIGATION & POWER COMPANY v. JAMES WILSON.

FILED JANUARY 5, 1899. No. 8578.

1. **Action on Contract:** PLEADING: TENDER OF PERFORMANCE. In suing on a contract consisting of reciprocal promises, to be concurrently performed, the plaintiff must allege either performance on his part or a tender of performance before suit brought.

2. **Contracts:** SEVERABLE UNDERTAKINGS: ACTIONS: PLEADING. Where in a contract there are several undertakings, each supported by a distinct consideration, the contract is generally severable, and suit may be brought on one undertaking without showing plaintiff's compliance with the whole contract.

ERROR from the district court of Valley county. Tried below before KENDALL, J. *Affirmed upon filing of remittitur.*

*A. M. Robbins,* for plaintiff in error.

*Charles A. Munn* and *Coffin & Stone, contra.*

IRVINE, C.

This was a suit by Wilson against the Burwell & Ord Irrigation and Power Company, a corporation. The

petition alleged that Wilson, who is a civil engineer, made surveys for a ditch or canal for irrigation and power purposes, contemplating the diversion of water from the Loup river, and the canal passing through the towns of Ord and Burwell; that he made plans, maps, and profiles, and also estimates of the character and expense of the work of construction; that he then contracted with two men named that these data be made the basis of a corporation to be formed for constructing and operating the canal, Wilson to turn them in to the company at the price of $1,000 in money, capital stock, or credit as Wilson might elect, and that Wilson was to be employed by the company at a salary of $125 per month to assist in organization, and to superintend construction. It is alleged that the corporation was duly organized, and that Wilson had devoted his services for one month to the corporation. Acts are pleaded as constituting a ratification by the corporation of the contract of its promoters. A refusal to pay is alleged, and judgment sought for $1,125. It is not necessary to state at this point the nature of the answer beyond saying that it put in issue nearly the whole petition. The case was tried without a jury, and resulted in a finding for the plaintiff for $500. The company brings the case here for review.

The judgment is assailed as not sustained by the pleadings, and we think this contention is in part correct. So far as the claim for $1,000 is concerned it is based on a contract for the sale at that price of the plans, maps, profiles, estimates, and engineering data already prepared by the plaintiff. A refusal to pay is alleged, but there is in no place in the petition any allegation that plaintiff had delivered these things to defendant, that he had tendered them, or that he was willing to do so. The answer specifically charges that he had not delivered or tendered them, and that he still retained them in his possession. The reply meets this averment as follows: "Plaintiff admits that the said survey, maps, profiles,

and estimates are still in his possession, but says that the same are the property of the defendant and are held by him for the defendant and are subject to the order, control, and use of the defendant and belong to the defendant, as hereinbefore alleged." In suing on a contract consisting of reciprocal promises, to be concurrently performed, the plaintiff must either allege a performance of his part or a tender of performance. This was not done in the petition, and even assuming that an issue on this point might be made by answer and reply, the averment in the reply is insufficient. The reply was filed, of course, a considerable time after the suit was begun, and the averment is in the present tense, that the papers referred to were, when the reply was filed, the property of the defendant and subject to its control. This does not show a performance by the plaintiff or a tender of performance before suit brought. Reliance in meeting this objection is placed upon averments that the plans were actually used, but these averments refer to their use merely in the work of organizing the company. Furthermore, the suit is on a contract for the sale of the plans, etc. It is not a suit for their use. Plaintiff might have permitted such a use to be made of them as would entitle him to compensation for their use, without at the same time placing them absolutely at the disposal of the company so as to constitute a permanent delivery to carry out a sale.

As to the claim of $125 for services performed, there is the averment of performance after the corporation was organized, and to this extent certainly a ratification of the promoters' contract. The evidence, while conflicting, supports a finding of that character. The contract is severable. Generally speaking, the test is that where there are several undertakings, each supported by a distinct consideration, the contract is severable. (*Keeler v. Clifford*, 165 Ill. 544; *Pierson v. Crooks*, 115 N. Y. 539; *McDaniels v. Witney*, 38 Ia. 60.) The rule is here applicable. There was pleaded a sale of the engineering data

for $1,000 and a contract of employment at $125 per month, followed by the rendition of one month's services. The plaintiff will be permitted to, within forty days, remit from the judgment $375 as of the time of its rendition. If he do so, the judgment will be affirmed for the remainder; otherwise it will be reversed and the cause remanded.

JUDGMENT ACCORDINGLY.