BARLOW MANUFACTURING COMPANY *vs.* SAMUEL STONE.

Hampden.    September 21, 1908. — November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Contract*, Construction, Entire or separable.    *Damages*, Recoupment.

While it is true that the question, whether a contract is entire or separable, is one of intention, the general rule is that, where the part of the contract to be performed by one party consists of the delivery of several distinct and separate articles, the price to be paid for which is apportioned to each item according to the value thereof and not as one unit in a whole, or as a part of a round sum, the contract will be regarded as separable.

The declaration in an action of contract was on an account annexed which contained several items of "coat stands," "hat stands," "hooks" and "sundries cases," with a separate price stated for each item. The answer stated that the defendant "purchased goods of the plaintiff which the plaintiff" delayed the delivery of, causing the defendant damage, which he sought to recover in

recoupment. At the trial, it appeared that the goods which the defendant contended were delayed in delivery were not among those described in the declaration, but were a number of wall cases, which were ordered at the same time as the other goods, but at a separate price. It also appeared that all of the goods ordered were of the same general nature, namely, store fixtures and furniture,-that $25 was paid on account of the entire order when it was given, and that the wall cases were paid for separately at the time of their delivery at the price previously agreed upon. Evidence as to delay in the delivery of the wall cases and consequent damage to the defendant was excluded, and the defendant excepted. *Held*, that the exception must be overruled, since the contract was separable and the agreement to deliver the wall cases was not, as matter of law, a part of the contract of the plaintiff to deliver the goods described in the declaration, and therefore the damages which the defendant sought to recoup were not suffered in the performance of the contract which was the basis of the action.

CONTRACT upon an account annexed. Writ in the Superior Court for the county of Hampden dated April 21, 1906.

The account annexed to the declaration contained two items of " coat stands " variously described, three items of " hat stands " of different descriptions, one item of " hooks," and an item of " sundries cases " with a detailed description. Opposite each item was stated the amount to be paid for the goods contained therein. All the items but the last were dated February 7, 1906. The last item was dated February 12, 1906. The bill of exceptions stated that " the goods described in the declaration and certain wall cases, not described in the declaration," were ordered " on or about January 23, 1906."

The case was tried before *Crosby*, J., without a jury, who, as stated in the opinion, admitted *de bene* certain evidence which he afterwards excluded. He found for the plaintiff for the full amount claimed in the declaration; and the defendant alleged exceptions. The facts are stated in the opinion.

The case was submitted on briefs.

*F. A. Pease*, for the defendant.

*N. P. Avery*, for the plaintiff.

MORTON, J. This is an action of contract to recover upon an account annexed for certain store fixtures and furniture furnished by the plaintiff to the defendant. At the same time that the goods described in the account were ordered, certain wall cases were also ordered by the defendant of the plaintiff, and the defendant paid $25 on account on all of the goods ordered. The articles in suit were delivered to and accepted by the de-

fendant, and no fault is found in regard to them as to price, quantity or quality, or the time of delivery. Nor is any fault found as to the price, quantity or quality of the wall cases. But the defendant contends that it was agreed that all of the articles should be delivered promptly, that the wall cases were not so delivered, and that he was damaged thereby and is entitled to recoup in this action the damages thus sustained. There was evidence tending to show that the wall cases were to be ordered by the plaintiff from Michigan, and were so ordered, and were delivered to and accepted by the defendant and were paid for by him pursuant to a draft therefor with a bill of lading attached drawn on him by the plaintiff.

The defendant concedes that the right to recoupment does not extend to any transaction which is not involved in this suit. But he contends that the purchase of the goods, including the wall cases as well as those in suit, constituted an entire contract which has not been severed by the act of the parties or otherwise, and that he therefore can recoup in this action the damages sustained by reason of the failure of the plaintiff to deliver the wall cases promptly as agreed.

The first question, therefore, is whether the contract was or was not an entire contract. If the contract was an entire one and there has been no severance of it, then the right to recoup is clear. *Sawyer* v. *Wiswell,* 9 Allen, 39. If it is not an entire contract, then it is equally clear that no right of recoupment exists.

Primarily, the question whether a contract is entire or separable is one of intention. But the general rule is that where the part to be performed by one party consists of several distinct and separate items and the price to be paid is apportioned to each item according to the value thereof and not as one unit in a whole, or a part of a round sum, the contract may and will be regarded as severable. And this rule holds true, even though the contract may be in a sense entire, if what is to be paid is clearly and distinctly apportioned to the different items as such, and not to them as parts of one whole. *West End Manuf. Co.* v. *Warren Co.* 198 Mass. 320. *Young & Conant Manuf. Co.* v. *Wakefield,* 121 Mass. 91. *Robinson* v. *Green,* 3 Met. 159. *Miner* v. *Bradley,* 22 Pick. 457. *Badger* v. *Titcomb,* 15 Pick.

409.   *Pierson* v. *Crooks*, 115 N. Y. 539, 555.   2 Parsons on Contracts, (9th ed.) 517.   Hammond on Contracts, § 463. For a case in which it was held that the contract was entire although possessing elements of divisibility, see *Stewart* v. *Thayer*, 168 Mass. 519.

In the present case the articles sued for and the wall cases were all ordered at the same time, and $25 was paid on account generally.   But the articles themselves, though of the same general nature, namely, store fixtures and furniture, were entirely separate and distinct from each other, except so far as they formed parts of the same lot, and the price for each article was different from that of the other articles, except as aforesaid, and the amount which would be due from the defendant to the plaintiff had to be ascertained, not with reference to some unit of value, but by adding together the amounts to which the different articles came at the prices agreed upon.   There was no agreement to sell or buy the articles ordered for a round sum, but the articles were bought and sold at the prices affixed to each.   In effect there was, as said in *Young & Conant Manuf. Co.* v. *Wakefield, supra,* a contract for each article or lot of articles sold, and the defendant's contention that the contract was an entire one cannot therefore be sustained.   The fact that the goods were all ordered at one and the same time, and that $25 was paid on account, though tending to show that in a sense the contract was entire, does not show that it must be so construed as matter of law.   The act of the plaintiff in crediting the $25 on the account in suit has no material significance one way or the other.   It was the only thing that he could do after the defendant had paid for the wall cases.   It follows that the ruling of the judge excluding the evidence that was admitted *de bene* in regard to the matter of damages was correct.   This view of the case renders it unnecessary to consider whether there was evidence which would have warranted the finding of a severance, if the contract had been entire.

*Exceptions overruled.*