# Producers Coke Company *v.* Hillman, Appellant.

*Contracts—Divisible and entire contracts—Construction—Part performance—Affidavit of defense—Rule for judgment.*

1. Whether a contract is divisible or entire depends upon the intention of parties, to be collected primarily from the words employed. Although the terms of the contract may afford a rule for an apportionment of the consideration, yet if there be a special agreement to take the whole or nothing, or if the evidence shows that such was the purpose of the parties, the contract will be construed to be entire. A stipulation that the price shall be paid by instalments as the goods are delivered or the work proceeds, will not render a contract for an entire thing divisible, and if the contractor fails to do all he will be precluded from recovering what remains unpaid.

2. In an action of assumpsit to recover for coke sold and delivered, defendant filed an affidavit of defense, alleging that by a written contract previously entered into between the parties, plaintiff had agreed to deliver to defendants all the coke to be produced by them during a period of six months; that shortly after the beginning of this period, at plaintiff's request, defendants had released them from the contract upon a further agreement by plaintiff to furnish defendants such coke as was necessary for them to have to fill contracts entered into by them during the period in question, which was then and there specified as 3,680 tons during the month of July, and 2,124 tons for the months of August, September, October, November and December, at prices specified; that plaintiff had delivered during July 844½ tons less than the amount called for, and had failed to deliver any coke whatever during the month of September. It appeared that suit was brought September 19th, to recover for coke delivered during July. *Held,* that the contract if as set forth in the affidavit, was entire; and that there could be no recovery by plaintiff for partial performance. The judgment of the court below for want of a sufficient affidavit of defense was reversed.

Argued Oct. 27, 1913. Appeal, No. 46, Oct. T., 1913, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 2659, for plaintiff for want of a sufficient affidavit of defense in case of Producers Coke Company *v.* J. H. Hillman, Jr., Ernest Hillman and Arthur

B. Sheets, partners doing business under the firm name of J. H. Hillman & Sons Company.  Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ.  Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.  Before BROWN, J.

The opinion of the Supreme Court states the facts.

The court made the rule absolute.  Defendants appealed.

*Error assigned* was in making absolute the rule for judgment for want of a sufficient affidavit of defense.

*George B. Gordon,* of *Gordon & Smith,* for appellants.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *Roger Knox,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The action was for recovery for a definite quantity of coke sold and delivered by the plaintiff company to the defendants between 3d July, 1912, and the 29th of the same month, at specified rates per ton, on an implied promise that the defendants would pay for the coke furnished.  In the affidavit of defense filed defendants aver that on or about 10th May, 1912, the plaintiff company and the defendants entered into a contract, evidenced by writings, by which the plaintiff agreed to place in the hands of the defendants for sale, substantially all the coke it produced during the six months from 1st July to December 31, 1912; that under this contract the defendants made sales of large quantities of coke in their own names for delivery between 1st July, and 31st December; that about 20th July the same year the plaintiff desiring to be relieved of its obligations to furnish defendants all the coke it produced within the

period named, by mutual agreement the original contract was rescinded, and as a consideration for defendants' consent to the rescission the plaintiff promised and agreed that defendants should be protected as to the coke which up to that time they had sold; and that to this end it would deliver during the balance of the year the coke which had been sold by the defendants on certain terms then and there specified, as follows, "during the month of July 3,680 tons at the price of $2.379 per net ton and 2,124 tons per month for the months of August, September, October, November and December at the price of $2.345 per net ton." The plaintiff delivered to the defendants during July about 844½ tons less than the amount called for, and failed to deliver any coke whatever during the month of September. The suit was brought 19th September, 1912, to recover for coke delivered during July. The contention on part of defendants was that the contract set up in the affidavit of defense was entire, and that there could be no recovery by plaintiff for any partial performance. A rule for judgment for want of a sufficient affidavit of defense was made absolute, and judgment followed. The appeal is from the judgment so entered, and challenges the correctness of the court's construction of the contract set out in the affidavit, in holding it to be divisible and not entire. Where a question of this kind arises it is the intention of the parties that controls and not the divisibility of the subject: Shinn v. Bodine, 60 Pa. 182; and this intention is to be collected from the words employed where the intention can be clearly derived therefrom. When, as understood in their ordinary sense, the words do not disclose the manner and intent to which the parties intended to be bound, resort must be had to rules of construction as aids. Having regard simply to the words employed in this contract, the inference that the contract was intended to be entire would be quite as reasonable as that it was intended to be divisible. If there are provisions which indicate that a divisible contract

was intended, there are others which quite as clearly indicate the opposite. The distinguishing mark of a divisible contract is that it admits of apportionment of the consideration on either side so as to correspond to the unascertained consideration on the other side. Where such a purpose appears in the contract, or is clearly deducible therefrom, it is allowed great significance when ascertaining the intention of the parties. It is a mistake, however, to suppose that in every case it is conclusive in itself. It is determining only when there are no opposing signs or marks. Where these latter are present it becomes a question of preponderance.

"If, therefore, although the terms of the contract afford the rule for the apportionment of the consideration, yet if there be a special agreement to take the whole or nothing, or if the evidence clearly shows that such was the purpose of the parties, the contract would be entire."

Story on Contracts, Sec. 24th. And again, in Sec. 24 this appears,

"Agreeably moreover to the weight of authority, a stipulation that the price shall be paid by instalments as the goods are delivered or the work proceeds, will not render a contract for an entire thing, as, for instance, to build a house or furnish a given weight or quantity of merchandise, divisible, or so apportion the consideration to the several parties as to dispense with an exact fulfillment of the law; and if the contractor fails to do all, he will not only be precluded from recovering what remains unpaid, but may be compelled to refund the sums which he has already received; and it will make no difference that the default arose without negligence on his part."

In support of the text the case of Shaw v. Turnpike Company, 2 P. & W., 454, is cited, in which a contract that provided for apportionment of consideration was held to be entire, and the plaintiff was denied the right to recover except on full performance. In the case cited by the learned trial judge, and in those cited by counsel

for appellee, in support of the construction that prevailed, the fact that the contract provided for payment pro tanto upon delivery of fractional parts of the whole amount contracted for, was allowed to be determining, only because there was entire absence of anything indicating a different purpose. Certainly in no one of these cases is it held that a provision such as this is of such controlling effect, that it must be allowed to defeat the plain and manifest object of the contract. And yet that would be the effect here if it should be allowed to govern. Each party to this contract had a definite object in view which was so clearly expressed that there was no room for doubt by either. The plaintiff, whose sole object was to secure a cancellation of the agreement which required it to deliver to the defendants for sale its entire output of coke during the remaining months of the year, must have fully understood the object of the defendants in requiring, as a condition of their assent, a promise from the plaintiff company that it would protect the defendants from liability on contracts of sale they had already entered into, by furnishing them the coke sufficient to meet their engagements, at a definite fixed price. The contract here set up is a promise by the plaintiff company, on a sufficient consideration, that it would make these deliveries, not only some but all of them, for the one definite purpose to save harmless the defendants who otherwise, because of market vicissitudes, would be exposed to the danger of loss. These engagements by the defendants were for deliveries at specified times, in specified amounts, and at specified rates; and the promise by the plaintiff, as averred, was to supply the defendants with an adequate amount of coke to meet them all, amounting in the aggregate to 14,300 tons. There is no mistaking the end or object in view, and it is quite as apparent that to hold this contract severable and not entire, would defeat the object both parties had in view. The consideration paid by the defendants—surrender of their rights under the earlier contract—was based upon

a contemplated entire performance by the plaintiff, for, except as this was so, the agreement accomplished nothing in the way of protection to the defendants.

"Where a bill of parcels is taken, and includes the articles bought under one whole price, it would, if accepted, afford evidence of an intention by both parties to treat the contract as entire. And wherever the failure as to part would materially defeat the object of the contract and would have affected the sale, had such failure been anticipated, the contract would be entire."

Story on Contracts, Section 24th.

While it is not averred in the affidavit that failure to complete the contract of plaintiffs would have affected the sale in this case, it is a reasonable inference in view of the situation of the parties and the object contemplated, that it would have done so. It was not required that it should have been averred in the affidavit. The courts always seek to avoid, as far as they consistently can, a construction that would render a contract ineffectual. The present is a case in which the manifest purpose of the agreement would be defeated were it held to be a divisible contract, thereby allowing the plaintiff not simply to disappoint the defendants in what it was intended they should receive for a specific and express purpose, but requiring from the defendants payment for so much performance as met the pleasure, convenience and advantage of the plaintiff. As against such construction the defendants might well reply, in haec foedera non venimus. We have discussed the case as though the contract were as averred in the affidavit. The defendants should be allowed an opportunity to prove the averment. The assignment of error relating to the matter discussed is sustained. The other assignments call for no examination at this time. The judgment is reversed with a procedendo.