# Producers' Coke Co., Appellant, *v.* Hillman.

*Practice, C. P.—Affidavit of defense—Affidavit insufficient in part—Rule for judgment—Appeals.*

1. The Supreme Court will reverse an order discharging a rule for judgment for want of a sufficient affidavit of defense, only in cases free from doubt.

2. In an action for the price of coke sold and delivered the refusal of the lower court to enter judgment for plaintiff for part of its claim as to which the affidavit of defense was alleged to be insufficient, was not reversible error, where although the delivery of the coke was admitted, it was doubtful from the pleadings whether the deliveries had not been under an entire contract which had never been fully performed by plaintiff, and whether defendants had not received the coke as agents for sale rather than as purchasers, and where the effect of a subsequent parol contract upon the transaction could only be explained by oral testimony.

Argued Oct. 23, 1914. Appeal, No. 230, Oct. T., 1914, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1912, No. 2659, refusing motion for judgment for want of sufficient affidavit of defense in case of Producers' Coke Company, a Corporation, *v.* J. H. Hillman, Jr., Ernest Hillman and Arthur B. Sheets, partners, doing business under the firm name of J. H. Hillman &

Sons Company.  Before BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.  Affirmed.

Assumpsit for the price of coke sold and delivered to defendant.

Rule for judgment for so much of plaintiff's claim as to which the affidavit of defense was alleged to be insufficient.  Before FORD, J.

The facts appear by the opinion of the Supreme Court, and in Producers' Coke Co. v. Hillman, 243 Pa. 313.

The lower court discharged the rule.  Plaintiff appealed.

*Error assigned,* among others, was in discharging plaintiff's rule for judgment.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *Roger Knox,* for appellant.

*John G. Buchanan,* with him *Gordon & Smith,* for appellees.

OPINION BY MR. JUSTICE POTTER, January 2, 1915:

This is an appeal from the action of the court below, in discharging a rule for judgment for part of the claim as originally filed.  Under the statement which it filed, plaintiff sought to recover the sum of $9,543 for coke sold and delivered to defendants.  The shipments were made as ordered by defendants, to various parties and on various dates from July 2 to July 29, 1912.  The defendants admitted in their affidavit of defense, the purchase of the number of tons of coke with which they were charged by plaintiff, and that the prices charged per ton were correct; but they averred that such coke constituted only partial deliveries under a specific contract between them and plaintiff.  In the opinion of this court upon a former appeal, (Producers' Coke Co. v. Hillman, 243 Pa. 313), Mr. Justice STEWART stated the ma-

terial allegations of the affidavit of defense, and the questions raised, and held that the contract set up in the affidavit of defense was an entire one, and that the plaintiff could not recover for partial performance. Counsel for plaintiff then filed an application for a reargument, in which it was alleged that under the language of the affidavit of defense only shipments of coke made on or subsequent to July 16, 1912, were included in the contract which was held to be entire, and that plaintiff was entitled to recover for shipments made prior to that date. This court refused the petition for reargument, but stated in the order that it was "without prejudice to right of plaintiff to apply to the Court of Common Pleas for judgment for so much as is admitted by affidavit of defense for any part." When the record was remitted to the court below a rule was entered in behalf of plaintiff, for judgment for part of this claim, to wit, the sum of $2,773.68, as to which it was alleged that the affidavit of defense was insufficient. The court below discharged the rule, in an opinion in which it was held that the contract alleged in the affidavit of defense was made on May 10, 1912, and that the agreement of July 20 was merely a modification of the original contract, and a release of plaintiff from performance, except as to certain coke sold by defendants in reliance upon the ability of plaintiff to carry out the contract according to its terms. Therefore, the court held that all the coke for which payment was claimed, had been delivered under the contract, which was held by this court to be entire, and therefore no recovery could be had for any part of the shipment.

An inspection of the former order of this court, shows that it preserved the right of plaintiff to apply to the court below for judgment, for so much only as was admitted by the affidavit of defense to be due. We are not able to find in the affidavit of defense an admission that any part of the plaintiff's claim is due. Aside from this, however, as we have often said in substance, this court

will not reverse an order discharging a rule for judgment for want of a sufficient affidavit of defense in doubtful or uncertain cases, but only in such as are clear and free from doubt. It certainly cannot be said that this is such a case. It is by no means clear that the court below was wrong in its construction of the new contract of July 20, 1912. But as that was an oral agreement, how can its extent be clearly defined, or its meaning determined, in the absence of evidence? Then again there are averments to the effect that shipments beginning July 16, were to apply under the new contract. It is not clear that the shipments made before that time were under a contract for purchase and sale. It seems that under the terms of the contract of May 10, 1912, the plaintiff was to place in the hands of defendants for sale, all the coke produced in its various plants, amounting to 24,000 tons per month, the sales to be made subject to the direction of a committee, and that upon such sales, defendants were to receive a commission of ten per cent., and were to guarantee all accounts on these sales. If defendants were acting merely as agents for plaintiff, to what extent were they liable as purchasers? The contract which upon the former appeal we held to be entire, was that made on July 20, 1912. Upon these and other questions suggested in the record we intimate no opinion. But they indicate clearly that the record as it now stands does not justify the entry of a final judgment for any part of the plaintiff's claim.

The assignments of error are overruled, and the decision of the court below refusing judgment is affirmed.