EDWARD J. ELLIOTT,

*vs.*

ERASMUS JONES.

*Sussex, June* 28, 1917.

Where complainant and defendant, believing that an animal would make a valuable race horse agreed to join in purchasing it and to share equally the expense of training it and the profits of using and selling it, and defendant bought the horse but refused to accept from complainant payment of his share of the purchase money, or to recognize complainant's ownership, specific performance may be decreed to the extent of requiring defendant to convey to complainant by bill of sale an undivided interest in the animal, and enjoining defendant from disposing of it without complainant's consent, though the court could not by its decree require the parties to continue the partnership longer than they desired.

BILL FOR SPECIFIC PERFORMANCE of an agreement between the complainant and defendant to purchase a particular horse. The cause was heard on bill, answer, testimony of witnesses heard orally by the Chancellor and exhibits. The facts are stated in the opinion. See also, *ante p.* 283.

*Daniel J. Layton, Jr.,* for the complainant.
*Charles W. Cullen,* for the defendant.

THE CHANCELLOR. This was a bill for the specific performance of an agreement between the complainant and defendant by which they agreed to join in buying a particular horse possessing, as they believed, qualities which when developed would make the animal valuable as a race horse. They were to share equally the expense of training the horse, and to share equally the profits of using and selling it. The defendant bought the horse and has possession of it, and denies the rights of the complainant and refuses to accept from the complainant payment of his share of the purchase money and the training, notwithstanding tenders by the complainant of performance on his part.

A hearing was had upon the bill and ex parte affidavits upon the motion for a preliminary injunction pending the final hearing of the cause, and for reasons then stated a preliminary injunction was awarded. Thereafter the defendant filed an answer denying the agreement as set forth in the bill, and setting up a similar contract to buy two certain horses, and alleging that the defendant had bought the other horse and refused to recognize the rights of the defendant thereto, and denied the jurisdiction of the court to enforce specific performance of the contract. The testimony at the trial showed that the contract was made as claimed by the complainant, and not as alleged by the defendant, and related to the bay mare alone, and the tender by the complainant of $125, one-half of the purchase money, and offers by the complainant to perform on his part were also proved.

For the reasons set forth in the opinion heretofore filed when the preliminary injunction was awarded, and which it is not necessary to repeat, it is held that this court has jurisdiction to enforce the contract respecting the mare.

It is clear, also, that the complainant is entitled to a decree declaring his rights respecting the mare under the contract, even though this court has not the right to require performance by the parties of all of the terms of it, and even though either party may at any time terminate the contract. In the case of *Satterthwait v. Marshall*, 4 *Del. Ch.* 337, Marshall, the inventor of a patent, and the complainant formed a partnership to use the patent, and the defendant agreed to assign to the complainant an interest in the patent. A bill for specific performance of the partnership agreement and to require the defendant to assign to the complainant an interest in the patent was filed; and Chancellor Bates held the right to the assignment was absolute, and was not dependent upon the subsequent contingency of forming and prosecuting the partnership; that the court had jurisdiction to decree specific performance of an agreement for an assignment of an interest in a patent, because "a sufficiently certain and adequate redress cannot be afforded by a suit at law"; and that though the court "will not undertake to compel unwilling parties to act in the relation of

partners," still "the inability of the court to compel these parties to become or continue copartners under the articles is no objection to a decree for the specific performance of the covenant to assign the shares of the patent."

The principles here announced are applicable in full degree to the case under consideration, and justify a decree for the complainant at least to such extent as this court went in the case cited. It was shown that both parties believed that the mare had desirable qualities, and was capable of development by training into a race horse of value, and that its value present or prospective could not be one fairly fixed because of the uncertainites in the results of her training.

In this case the court can do no more than require the defendant to convey to the complainant by a bill of sale an undivided interest in said mare, declare that it shall be held by the complainant and defendant as tenants in common subject to the contract so long as it shall remain in force, and enjoining the defendant from disposing of it during the existence of the contract without the consent of his co-owner. This court cannot require the parties to continue as partners; or to continue the contract in force for a definite or indefinite period, or for any longer period than either one desires. Neither can this court impose any commands concerning the duties of the parties in performing the contract beyond the declaration of the general terms thereof.

A decree will be entered requiring the defendant to transfer to the complainant an undivided interest in the bay mare to be thereafter owned by the complainant and defendant in equal shares, subject to the terms of the contract. The defendant will also be enjoined from selling, or otherwise disposing of the mare, so long as the contract respecting her shall continue in force. The costs will be put on the defendant.