## HARRY ORENSTEIN,

### Defendant below, Appellant,

*vs.*

## MAX KAHN.

### Complainant below, Appellee.

*Supreme Court, on Appeal, June* 20, 1922.

In construing contracts, the essential question is to ascertain the intention of the parties, and this rule necessarily applies in ascertaining whether a contract is divisible or entire; the intention of the parties being ascertained from the terms and subject-matter, as well as from facts and circumstances shown in evidence.

While the fact that the consideration is apportioned is an important element in ascertaining whether a contract was intended to be divisible or entire, and in the absence of any fact or circumstance showing a contrary intent may even be conclusive, where there are other circumstances involved, it is only one of the essential facts to be considered.

If there be a single assent to a whole transaction involving several things or several kinds of property, a contract is always entire; but if there be a separate assent to each of the several things involved, it is divisible.

Although the consideration is apportioned on the face of a contract, yet if there be a special agreement to take the whole or nothing, or if the evidence clearly shows that such was the purpose of the parties, the contract would be entire.

A contract for the sale of real estate occupied by a store and for the fixtures and stock of merchandise *held* entire, although the consideration was apportioned between the three kinds of property, where acceptance of a conveyance of the store, goods, and fixtures without the corresponding right to demand a conveyance of the property in which the business, to which they were essential, was to be conducted, would be a part performance not contemplated by the parties.

Specific performance will not be granted, where a contract is not complete on its face.

Where a contract to purchase certain land, fixtures, and a stock of merchandise was not definite and complete as to the price of the stock of merchandise, equity cannot grant specific performance as to that part of the contract; and where the contract was entire, specific performance could not properly be granted as to any other part of it.

APPEAL FROM COURT OF CHANCERY. On and prior to the twenty-ninth day of April, 1920, Max Kahn, the appellee, was the owner of certain real estate in the city of Wilmington, on which was erected a building, a portion of which was used by him as a residence and the remainder as a store. He also owned the store fixtures and stock of merchandise in said store.

On the said twenty-ninth day of April, 1920, he agreed to sell the said real estate, as well as the store fixtures and stock of merchandise in said store, to Orenstein, the appellant. At the time the agreement was made, five hundred dollars ($500) was paid by Orenstein to Kahn and the following written memorandum of the agreement was executed by the parties and delivered to Kahn:

"Wilmington, April 29th, 1920."

"Received of Mr. Harry Orenstein five hundred dollars ($500.00) deposit on property 1900 Penn. Ave. purchase price fourteen thousand dollars ($14,000.00) settlement to be made on or before June 25th, 1920.

"Fixtures, seven hundred dollars ($700.00) stock to be paid at market prices.

"[Signed] Max Kahn.
"[Signed] Lillian Kahn.

"In case title is not clear, deposit to be returned.    [Signed] Harry Orenstein."

Orenstein having failed to complete the purchase of the real and personal property described in the above contract or receipt, a bill in equity for specific performance of that part of the same referring to the real estate was filed against him by Kahn, on the third day of August, 1920. The case was pleaded to issue and heard before the Chancelllor on oral testimony.

The Chancellor held the contract between the parties to be divisible and entered a decree directing Orenstein to perform his contract as to the purchase of said real estate. See 12 *Del. Ch.* 344, 114 *Atl.* 165.

The decree of the Chancellor, also, provided for the transfer of the title to the fixtures, used in connection with the said store to Orenstein, at his option on payment therefor.

Orenstein appealed from the decree of the Chancellor to this court, assigning among other grounds of error:

. (1) "That the Court of Chancery erred in decreeing specific performance of a portion of the contract between the said Max Kahn and the said Harry Orenstein."

(2) "That the Court of Chancery erred in finding that the contract between Kahn and Orenstein, so far as the same related to the stock of merchandise, was divisible from the contract so far as the same related to the real estate and fixtures, and in decreeing specific performance of that portion of the same which related to the real estate."

The fair inference from the evidence is that the moving cause for the making of said contract, so far as the appellant Orenstein was concerned, was a desire on his part to purchase the property known as No. 1900 Pennsylvania Avenue. While the evidence is conflicting as to Orenstein's main purpose in agreeing to buy this property, it clearly shows that the said contract was made by him with the immediate purpose and intention of using said property as a place of business to be run for him by his brother. That said purpose was known to Kahn and that Orenstein and his brother, together with Kahn, "looked over" the store of fixtures and stock of merchandise in said store before all of the details of the sale were agreed upon, and before the agreement for the same was written and executed.

The evidence does not disclose the nature or character of the store fixtures, but they evidently were not treated by the parties as composing a part of the real estate.

PENNEWILL, C. J. and HARRINGTON, RICHARDS and RODNEY, JJ. sitting.

*Robert H. Richards* and *Aaron Finger*, for the appellant.

*Caleb E. Burchenal* and *Charles C. Keedy*, for the appellee.

HARRINGTON J., delivering the opinion of the court.

The assignments of error referred to, raise the question whether the contract between Kahn and Orenstein is divisible into three separate, distinct and independent contracts, or whether it is one entire and indivisible contract, referring to three kinds of property.

The decision of this question necessarily disposes of this case and makes the consideration of any other assignments of error unnecessary.

In construing contracts, the essential question is to as-

certain the intention of the parties. This rule, therefore, necessarily applies in ascertaining whether a contract is divisible, or entire. *Bamberger Bros. v. Burrows*, 145 *Iowa*, 441, 453, 124 *N. W.* 333; 59 *Am. St. Rep. note at page* 279; *Clark v. West*, 137 *App. Div.* 23, 122 *N. Y. Supp.* 380; *Shinn, et al., v. Bodine, et al.*, 60 *Pa.* 182, 100 *Am. Dec.* 560.

The cases cited by the appellee, Kahn, admit this rule. *Barlow Mfg. Co. v. Stone*, 200, *Mass.* 158, 86 *N. E.* 306; *Pierson v. Crooks*, 115 *N. Y.* 539, 555, 22 *N. E.* 349, 12 *Am. St. Rep.* 831; *Wooten v. Walters*, 110 *N. C.* 251, 14 *S. E.* 734, 736.

The intention of the parties, in this respect, must be ascertained from the terms and subject matter of the contract, as well as from the other facts and circumstances shown by the evidence. *Johnson Forge Co. v. Leonard*, 3 *Pennewill*, 342, 51 *Atl.* 305, 94 *Am. St. Rep.* 86, 57 *L. R. A.* 225; *Gilmore v. Samuels*, 135 *Ky.* 706, 123 *S. W.* 271, 21 *Ann. Cas.* 611; *Hartford, etc., Co. v. Campbell, (Conn.)* 111 *Atl.* 864; *Morris v. Wilbaux*, 159 *Ill.* 648, 43 *N. E.* 837; 2 *Elliott on Contracts*, § 1543; 13 *C. J.* 562; 6 *R. C. L.* § 858 (*p.* 861).

This court in *Johnson Forge Co. v. Leonard*, above cited, expressed this rule as follows:

"Whether the contract is entire or severable is frequently a matter of interpretation, depending on the intention of the parties to be gathered from their acts, under all the facts and circumstances of the particular transaction."

It is urged, however, that where a contract relates to several items or kinds of property, and the consideration is apportioned on its face to each item or class of property covered by it, such a contract is construed as divisible and not entire; the apportionment of the consideration being ordinarily conclusive as to the intention of the parties, at least in the absence of clear and definite proof of a contrary intent.

The following cases were cited in support of this contention: *Barlow Mfg. Co. v. Stone*, 200 *Mass.* 158, 86 *N. E.* 306; *Young, etc., Mfg. Co. v. Wakefield*, 121 *Mass.* 91; *Pierson v. Crooks*, 115 *N. Y.* 539, 555, 22 *N. E.* 349, 12 *Am. St. Rep.* 831; *Reeves & Co. v. Block*, 31 *S. D.* 60, 139 *N. W.* 780; *Nichols, etc., Co. v. Wiedemann*, 72 *Minn.* 344, 75 *N. W.* 208, 76 *N. W.* 41; *Westbrook v. Reeves*, 133 *Iowa*, 655, 111 *N. W.* 11; *B. & O. L. & P. Co. v. Wilson*, 57 *Neb.*

396, 77 *N. W.* 762; *Odessa Tramways Co. v. Mendall*, 8 *Ch. Div.* 235; *Wilcox v. Badger Motor Car Co.*, 99 *Neb.* 189, 155 *N. W.* 891; *Wootten v. Walters, et al.*, 110 *N. C.* 251, 14 *S. E.* 734, 736.

The Delaware cases of *Reybold v. Henry*, 3 *Houst.* 279, *Thurber v. Royal Ins. Co.*, 1 *Marv.* 251, 40 *Atl.* 1111, and *Elliott v. Jones*, 11 *Del. Ch.* 283, 101 *Atl.* 874, were also cited as being to the same effect.

The court below adopted this contention apparently holding that there was nothing to show a contrary intent in this case and using the following language:

"It is clear, however, that these three parts of the contract are divisible from each other, or at least that the agreement as to the merchandise is severable as to remedy from the two subject matters. Divisibility of contracts depends largely upon the character of the consideration; if it be single, the contract covering several matters is entire; but if it is expressly or by necessary implication apportioned, the contract is severable."

While the fact that the consideration is apportioned is undoubtedly an important element in ascertaining whether a contract was intended to be divisible or entire and in the absence of any fact or circumstance showing a contrary intent, may even be conclusive, it is now well settled that where there are other circumstances involved, it is only one of the essential facts to be considered. *Producers' Coke Co. v. Hillman*, 243 *Pa.* 313, 90 *Atl.* 144; *Bamberger Bros. v. Burrows*, 145 *Iowa*, 441, 453, 124 *N. W.* 333; *Morris v. Wilbaux*, 159 *Ill.* 648, 43 *N. E.* 837; *Shinn, et al. v. Bodine, et al.*, 60 *Pa.* 182, 100 *Am. Dec.* 560; *Packard v. Byrd*, 73 *S. C.* 1, 51 *S. E.* 678, 6 *L. R. A.* (*N. S.*) 547; *Williston on Contracts*, § 861, *note* 38; 59 *Am. St. Rep. note, p.* 279; 6 *R. C. L. p.* 858; 13 *Corpus Juris*, 563.

In *Morris v. Wilbaux*, above cited, the court said:

"The entirety of the contract depends upon the intention of the parties, and not upon the indivisibility of the subject-matter. The severable nature of the latter may often assist in determining the intention, but will not overcome the intent to make an entire contract when that is shown."

*Bamberger Bros. v. Burrows*, above cited, uses precisely the same language.

In *Producers' Coke Co. v. Hillman*, above cited, the court also said:

"The distinguishing mark of a divisible contract is that it admits of apportionment of the consideration on either side so as to correspond to the unascertained consideration on the other side. Where such a purpose appears in the contract, or is clearly deducible therefrom, it is allowed great significance when ascertaining the intention of the parties.

"It is a mistake, however, to suppose that in every case it is conclusive in itself. It is determining only when there are no opposing signs or marks. Where these latter are present, it becomes a question of preponderance."

In determining whether a contract is divisible or entire, the essential question, therefore, is:

"Did the parties give a single assent to the whole transaction, or did they assent separately to several things?" 2 *Williston on Contracts*, § 863.

If there be a single assent to a whole transaction involving several things or several kinds of property, a contract is always entire. If, however, there be a separate assent to each of the several things involved, it is always divisible.

In 2 *Williston on Contracts*, § 863, the author in discussing this question, also says:

"It is sometimes suggested that the test is whether the nature of the subject-matter of the several things to be performed is such that part of the performance will be of diminished value, unless the rest of the performance is furnished. An inquiry of this sort is an aid in a *doubtful* case in determining whether several things were contracted for in one bargain, or whether several bargains were made, but no more than this can be said."

And although the consideration is apportioned on the face of a contract, "yet if there be a special agreement to take the whole or nothing, or if the evidence clearly shows that such was the purpose of the parties, the contract would be entire." *Producers' Coke Co. v. Hillman*, 243 *Pa.* 313, 90 *Atl. Rep.* 144. See, also, *Broxton v. Nelson*, 103 *Ga.* 327, 330, 30 *S. E.* 38, 68 *Am. St. Rep.* 97; *Wotten v. Walters*, 110 *N. C.* 251, 14 *S. E.* 734; *Los Angeles Gas & Electr. Co. v. Amal. Oil Co.*, 156 *Cal.* 776, 106 *Pac.* 55.

Applying the law, as above stated, to the facts of this case, is the contract between Kahn and Orenstein divisible or entire? If it is divisible, the agreement to convey and accept a conveyance and pay for the store fixtures and stock of merchandise is binding, whether the agreement to convey the real estate be complied with, or not. Was that the intention of the parties?

The construction of a contract necessarily depends upon the facts of the particular case. The uncontradicted evidence in this case shows that Orenstein agreed to purchase the real estate, with the immediate intention of using it for a place of business; the store located therein to be run for him by his brother. That this fact was known to Kahn, is also clear.

From this aspect of the case it would, therefore, seem that the agreement to convey the store goods and fixtures in said store property was inseparably connected with the agreement to convey the business location; all of the property which was to be conveyed being material and important in the use of the location as a business stand.

This is a fair inference from the evidence, even though, so far as Orenstein was concerned, the desire to purchase the real estate was the moving cause for the making of the contract.

It is also a fair inference from the evidence, that the acceptance of a conveyance of the store goods and fixtures, without the corresponding right to demand a conveyance of the property in which the business, to which they were essential, was to be conducted, would be a part performance of such diminished value that it could hardly have been contemplated by the parties as a right, at the time of the making of the contract.

It is true that the consideration is apportioned between the three kinds of property referred to. It is likewise true that the five hundred dollars deposit was paid on account of "property 1900 Penn. Ave.," which we take to refer to the real estate only; and that it was provided that "in case title is not clear, deposit to be returned."

The evident purpose of this clause was that the whole contract was to be void if the title to the real estate should prove to be defective.

If the contract was intended to be divisible, why was the return of the whole deposit provided for, in case the title to the real estate, alone, should prove to be defective?

While the contract here is not in clear and specific terms an agreement on the one hand to convey, and on the other to accept conveyance of the whole, or none, of the property described in the

contract, the principles applying to such a case would seem to apply.

It is apparent that the intent to make an entire contract over-balances any presumption of divisibility by reason of the apportionment of the purchase price between the three classes of property described; the contract is, therefore, entire and not divisible.

*Hermann v. Goddard*, 82 *W. Va.* 520, 96 *S. E.* 792, and *Floyd v. Arky*, 89 *Miss.* 162, 42 *South.* 569, cited by the appellant, are cases where contracts, somewhat similar to the contract in this case, were held to be entire.

With the possible exception of *Wootten v. Walters*, 110 *N. C.* 251, 14 *S. E.* 734, none of the cases cited by the appellee, Kahn, involve facts in any way similar to this case. They are all cases where the consideration was apportioned in the contract and where no other facts or circumstances from which a contrary intent might be inferred, were involved.

In the North Carolina case, the court commented on the fact that there was absolutely no evidence to show any intent to sell the two storehouses and stock of goods, as an inseparable whole, and that nothing was said or done tending to show that the parties would not have made the contract, unless it embraced both the store and the store goods.

Our conclusions as to the facts of the case, therefore, differ from the finding of the court, on facts, in that case. If, however, there were no other difference in the facts of the two cases, the clause in the contract between Kahn and Orenstein, providing for the return of the deposit in case the title to the real estate was not clear, is a sufficient difference to distinguish it from the contract involved in *Wootten v. Walters*.

It is a well-settled rule of equity that specific performance will not be granted where a contract is not complete on its face. *Godwin v. Collins*, 3 *Del. Ch.* 189.

The contract in this case was not definite and complete as to the price of the stock of merchandise. Equity, therefore, could not grant specific performance as to that part of the contract, and the contract being entire, a decree for specific performance could not properly be granted as to any other part of it. *Nickles v. Hancock*, 7 *De. G. M. & G.* 300; *Wood v. Rowe*, 2 *Bligh*, 595;

*Ford v. Stuart,* 15 *Beav.* 493; *Tombigbee Valley R. Co. v. Lumber Co.,* 155 *Ala.* 575, 47 *South.* 88; *Elliott on Contracts,* § 2276.

For the reasons above given the Court of Chancery was in error in holding the contract in this case to be divisible, and in decreeing specific performance of a portion of such contract; the decree of that court is, therefore, reversed.