JONATHAN DIXON, PLAINTIFF-RESPONDENT, v. SMYTH SALES CORPORATION, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided April 27, 1933.

For the defendant-appellant, *Bennett & Hanschka* (*John A. Bennett,* of counsel).

For the plaintiff-respondent, *Warren Dixon, Jr.*

The opinion of the court was delivered by

HEHER, J. Plaintiff sued to recover moneys claimed to be due for salary and commissions under an agreement, in writing, whereby defendant agreed to employ him as sales manager on a salary and commission basis. Plaintiff agreed to devote his "full time to the interest of the Smyth Sales Corporation in selling silent automatic oil burners." The action was brought to recover the sum of $50, one week's salary, and commissions in the sum of $867.11. Defendant, in its answer, admitted the making of the contract, and set up as

its first separate defense that plaintiff breached the agreement in that he did not devote his full time to defendant's business.

There as a verdict for the plaintiff in the sum of $1,118.84, including interest, and from the judgment entered thereon defendant appeals.

As grounds for reversal, it is urged that the trial judge erred (1) in striking out the first separate defense, and (2) in not permitting defendant to introduce evidence to sustain the allegations of that defense.

Prior to the trial, plaintiff applied to Chief Justice Gummere for an order striking out this defense. The application was denied. When the trial opened he renewed the motion, and while the trial judge did not formally order this defense struck out, he did so in effect by holding at the outset that the contract was severable, and that if the plaintiff did not devote his full time to defendant's business, the right of action pleaded would not thereby be defeated. Defendant duly excepted to this ruling. The record does not show that defendant offered testimony to sustain the pleaded defense, but in view of the trial judge's ruling, it was not incumbent upon it to do so.

An entire contract is a contract, the consideration of which is entire on both sides. *Beach* v. *Mullin,* 34 *N. J. L.* 343. The question whether a contract is entire, or divisible, in respect of the question of payment of the consideration, cannot be solved by the application of any fixed legal standard. It depends upon the intention of the parties, to be gathered from all the circumstances surrounding the agreement and from the face of the contract, if in writing. It is quite as much, as a rule, a question of fact as of law. *Skillman Hardware Co.* v. *Davis,* 53 *Id.* 144, 147.

In construing contracts, the essential question is to ascertain the intention of the parties. This rule, therefore, necessarily applies in ascertaining whether a contract is divisible or entire. *Orenstein* v. *Kahn,* 13 *Del. Ch.* 376; 119 *Atl. Rep.* 444; *Shinn* v. *Bodine,* 60 *Pa.* 182; *Bamberger Bros.* v. *Burrows,* 145 *Iowa* 441, 453; *Barlow Manufacturing Co.* v. *Stone,*

200 *Mass.* 158; 86 *N. E. Rep.* 306; *Pierson* v. *Crooks,* 115 *N. Y.* 539, 555; 22 *N. E. Rep.* 349. If there be a single assent to a whole transaction involving several things or several kinds of property, a contract is always entire; but if there be a separate assent to each of the several things involved, it is divisible Although the consideration is apportioned on the face of a contract, yet if there be a special agreement to take the whole or nothing, or if the evidence clearly shows that such was the purpose of the parties, the contract would be entire. *Orenstein* v. *Kahn, supra; Dolan* v. *Lifsey,* 19 *Ga. App.* 518; 91 *S. E. Rep.* 913; *Thompson* v. *Fesler,* 74 *Ind. App.* 80; 123 *N. E. Rep.* 188; *Traiman* v. *Rappaport,* 41 *Fed. Rep.* (2d) 336; *Wagner* v. *G. Gaudig & Blum Corp.,* 228 *N. Y. Supp.* 139. A contract is "entire" when the promise of one party is conditional on entire performance of the contract by the other party, and "severable" when the part to be performed by one party consists of several distinct and separate items respecting which the consideration is apportioned to each item, or is left to be implied in law. *Wagner* v. *G. Gaudig & Blum Corp., supra.*

Measured by the rule thus laid down, the contract in the instant case was entire and not severable. Defendant bargained for plaintiff's full time and exclusive services. When one enters into the employment of another, under a written contract, his duties to his employer must be measured by its terms. *Lehigh Valley Railroad Co.* v. *Snyder,* 56 *N. J. L.* 326.

Generally, contracts for services for a stipulated compensation are construed as entire. The soundness of this rule is illustrated by the case here presented. If plaintiff had given but a small portion of his time to defendant's business, and had devoted the major part to the business of competitors, manifestly he would have breached the contract in a vital and substantial manner, but defendant could not interpose this defense under the rule laid down by the trial judge. This proposition is obviously untenable.

The judgment will therefore be reversed and a new trial awarded.

462

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.