JOHN S. STEELMAN, PLAINTIFF, v. CAMDEN TRUST COMPANY, SUCCESSOR BY MERGER TO CAMDEN SAFE DEPOSIT AND TRUST COMPANY, TRUSTEE UNDER THE WILL OF JOSHUA E. BORTON, DECEASED, DEFENDANT.

Decided September 29, 1944.

For the plaintiff, *Vincent S. Haneman.*

For the defendant, *Robert Peacock* and *French, Richards & Bradley.*

BURLING, C. C. J.   This is an action at law cast in contract, to recover an amount alleged by the plaintiff to be due

him from the defendant under the terms of an agreement dated the 1st day of September, 1937, between Camden Safe Deposit and Trust Company, trustee under the will of Joshua E. Borton, deceased, and the plaintiff. As a result of merger proceedings, the Camden Safe Deposit and Trust Company assumed the name of Camden Trust Company It has been submitted to and tried before me, sitting without a jury, at the Atlantic County Circuit and submitted to the court on a stipulation to that effect and a stipulation of facts.

The defendant was the owner of a bond and mortgage made by Nellie C. Becht to Hampton Brothers Company, dated March 21st, 1924, covering property in Ventnor City, Atlantic County, New Jersey, which mortgage was recorded in the clerk's office of Atlantic County in Book 294 of Mortgages, page 216, and upon which there was due the principal sum of $20,000 with interest thereon from September 21st, 1936, less the sum of $350 paid on account thereof. Foreclosure proceedings had been instituted by the defendant upon said mortgage and thereafter the plaintiff acquired title to the premises. Under such circumstances the agreement hereinbefore referred to was executed.

The draft of the agreement lacks refinement and fails to expressly anticipate probable situations. The primary intent of the parties as evident in the writing was to establish a salutary, workable plan for the management of the recently acquired real estate of the plaintiff upon which improvements were erected and to stabilize the mortgage of the defendant. Certain repairs and alterations ($1,500 in amount) were required in order to induce a favorable income from letting. In addition there were delinquent taxes of approximately $5,121.60 due the municipality to be paid on so-called five year plan, thus sixty monthly payments at $85.36 per month.

The agreement contemplated the execution of a lease by the plaintiff to Standard Brands, Inc., for a period of five years at a monthly rental of $175, with an additional five year option if the Standard Brands, Inc., so desired, and the increment from the lease was to be assigned to the defendant for the purposes set forth in the agreement. The time for the payment of the bond and mortgage was extended for a

period of five years from September 1st, 1937. The plaintiff was to pay the delinquent taxes due to the municipality under a five year plan. A sum not to exceed $1,500 was to be expended by the plaintiff for repairs and alterations to the premises.

The rent was to be distributed in the following manner:

1—To refund to the plaintiff the cost of repairs at the rate of $75 per month, and thereafter to refund to the plaintiff the money paid for delinquent taxes under the five year plan at the rate of $75 per month.

2—The remaining $100 per month of the rent was to be distributed by the defendant in the following fashion:

(a) to the payment by it of current taxes due the municipality.

(b) payment of interest due on the mortgage debt at the rate of 4% per annum

(c) payment of costs and counsel fee in the pending eject- ment suit and foreclosure suit, and

(d) any surplus to be applied on account of the principal of the debt.

The plaintiff seeks to recover $600 remaining unpaid of the cost of repairs and the sum of $134.61 paid on account of the delinquent taxes. The defendant denies such right and defends upon the ground that the plaintiff failed to per- form his obligation under the agreement, more particularly the payment of the delinquent taxes on the five year plan and is barred from recovery. The plaintiff contends that the provision for the refund of the cost of the repairs and delin- quent taxes is a divisible and separate covenant and this determination is the crux of the controversy.

The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties as of the time the contract was made. 17 *C. J. S., Contracts,* 689, § 295; *Basic Iron Ore Co.* v. *Dahlke (Court of Errors and Appeals,* 1927), 103 *N. J. L.* 635 (at *p.* 638); 137 *Atl. Rep.* 423; *Clott* v. *Prudential Insurance Company of America (Supreme Court,* 1934), 114 *N. J. L.* 18 (at *p.* 21); 175 *Atl. Rep.* 203; *affirmed,* 115 *N. J. L.* 114; 178 *Atl. Rep.* 747; *Corn Ex-*

*change Bank* v. *Taubel* (*Court of Errors and Appeals,* 1934), 113 *N. J. L.* 605 (at *p.* 608) ; 175 *Atl. Rep.* 55.

In the construction of a contract it is necessary to ascertain what the parties thereto meant, intended and understood as determined by the words employed, and as an aid in this respect, the object of the parties in making it may be taken into consideration. *Kelly* v. *Guarantee Trust Co.* (*Court of Errors and Appeals,* 1933), 114 *N. J. Eq.* 110 (at *p.* 115) ; 168 *Atl. Rep.* 413.

In *Dixon* v. *Smyth Sales Corp.* (*Court of Errors and Appeals,* 1933), 110 *N. J. L.* 459 (at *p.* 460) ; 166 *Atl. Rep.* 103 (at *p.* 104), it was held :

"In construing contracts, the essential question is to ascertain the intention of the parties. This rule, therefore, necessarily applies in ascertaining whether a contract is divisible or entire. *Orenstein* v. *Kahn,* 13 *Del. Ch.* 376; 119 *Atl. Rep.* 444; *Shinn* v. *Bodine,* 60 *Pa.* 182; *Bamberger Bros.* v. *Burrows,* 145 *Iowa* 441, 453; 124 *N. W. Rep.* 333; *Barlow Manufacturing Co.* v. *Stone,* 200 *Mass.* 158; 86 *N. E. Rep.* 306; *Pierson* v. *Crooks,* 115 *N. Y.* 539; 22 *N. E. Rep.* 349. If there be a single assent to a whole transaction involving several things or several kinds of property a contract is always entire; but if there be a separate assent to each of the several things involved, it is divisible. Although the consideration is apportioned on the face of a contract, yet if there be a special agreement to take the whole or nothing, or if the evidence clearly shows that such was the purpose of the parties, the contract would be entire. *Orenstein* v. *Kahn, supra; Dolan* v. *Lifsey,* 19 *Ga. App.* 518; 91 *S. E. Rep.* 913; *Thompson* v. *Fesler,* 74 *Ind. App.* 80; 123 *N. E. Rep.* 188; *Traiman* v. *Rappaport,* 41 *Fed. Rep.* (*2d*) 336; *Wagner* v. *G. Gaudig & Blum Corp.* 223 *App. Div.* 254; 228 *N. Y. S.* 139."

In case of doubt covenants will generally be construed as dependent rather than as independent, since such a construction ordinarily prevents one party from having the benefit of the contract without performance of his own obligations. 17 *C. J. S., Contracts,* 799, § 344.

The plaintiff overlooks the intent and purpose of the agreement from an overall observation. To obtain the aforesaid objective the program was intended to be entire and thereby be in the mutual interest of both parties.

The letting at $175 per month for five years and the future acquisitions of the rent for disposition by it plus the activity of the new owner, influenced the mortgagee to discontinue the foreclosure proceedings for existing default of the former owner and extend the time of payment of principal of mortgage for five years.

From $1,200 per year of the rent, the mortgagee was to pay current municipal taxes and retain interest on the debt at 4% or $800 per year and legal fees and costs of the suit to be discontinued. The current taxes, being a prior lien to the mortgage, would be required to be paid by the mortgagee from the first money received and after paying them sufficient would not remain to entirely pay the delinquent mortgage interest of $450 and current mortgage interest of $800 and current taxes during the first year. Thus it was mathematically and obviously apparent to all concerned that the owner must after making the repairs costing $1,500 protect that and his other investment in the property by paying promptly and in accordance with schedule from his own funds the delinquent taxes at the rate of $85.36 per month to ward off proceedings by the municipality which had a prior position to all concerned. This he failed to do. He delayed until December 9th, 1937, and then paid the sum of $134.61 which carried the program of the so-called five year plan only to November 1st, 1937. None was paid thereafter. Thus jeopardizing the investments of all concerned including the lessee. Foreclosure proceedings were instituted by the defendant and discontinued for reasons undisclosed in the stipulation of fact; and so the intent of the agreement by the rule of the subsequent conduct of the parties cannot be inferred therefrom. The subject of subsequent encumbrance was not anticipated or dealt with in the agreement. For reasons also undisclosed in the stipulation of facts a second mortgage was foreclosed and through the resulting sale, the plaintiff lost his title December 28th, 1938, to the premises.

There did exist an important and material breach by the plaintiff, namely to pay the delinquent taxes promptly.

The jeopardy thus created by the plaintiff warranted the mortgagee in withholding payments for refund of costs of repairs. The entire rent (60 months times $150 per month or $9,000) was not sufficient to pay the delinquent taxes ($5,121.60 less $134.61), current taxes and the mortgage interest at the rate of 4% per annum. There is no proof that the delinquent taxes were otherwise paid. The weakness of the plaintiff's position is such that he could thereby have made the repairs and thereafter sold the property and receive a consideration therefor and demanded his refund from future rents and disregarded his covenant to pay the delinquent taxes. Thereby defeating a very obvious intent of the program for stabilizing the situation without requiring the mortgagee to advance its funds in order to protect its interest and the solution of the trouble from the fruits of the contract with the lessee as they were paid by the lessee over a five year period.

In ascertaining and giving effect to the intention of the parties as manifested by the language employed and objects sought to be accomplished, the fair and reasonable interpretation of the contract is that it is entire. Failure of complete performance by the plaintiff defeats his right to recover. 17 *C. J. S., Contracts,* 935, § 454.

I find the facts to be as stated in the stipulation.

After consideration of the facts and the law applicable thereto and arguments of counsel, the court finds no cause for action.